## BENJ. DUKE v. B. & C. V. R. EXTENSION CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF FRANKLIN COUNTY.

Argued June 6, 1889—Decided October 7, 1889.

(*a*) A railroad company was authorized by a borough ordinance to con-
struct its roadbed upon a borough street, provided it should conform to
a certain grade shown by a profile drawing attached to the ordinance,
no grade for the street having been established previously by the bor-
ough.

1. In an action against the company to recover damages for injuries to .
lots abutting upon the street, caused by an embankment made by the
company in the construction of its roadbed in accordance with the ordi-
nance, the ordinance was inadmissible as a defence relieving the com-
pany from the payment of damages.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and
MITCHELL, JJ.

No. 43 May Term 1888, Sup. Ct.; court below, No. 71 April
Term 1884, C. P.

On May 31, 1883, Benjamin Duke presented his petition for
the appointment of viewers to assess the damages alleged to
have been done by the Baltimore & Cumberland Valley Rail-
road Extension Company, in the construction of its roadbed on
Water street in the borough of Chambersburg, and thereby
making an embankment in front of the petitioner's lots abut-
ting on said street. From the report of the viewers awarding
the petitioner $495 the railroad company filed an appeal, which
was put at issue by order of the court as in an action of trespass
and plea of not guilty.

At the trial on April 30, 1888, the plaintiff's case in chief
having closed, the defendant company, for the purpose of show-
ing that the borough council had established the grade of Wa-
ter street, prior to the location of the railroad upon it, and had
required the company to conform to that grade in the construc-
tion of its road, and that in conformity to that grade the rail-
road track was laid, made the following offer:

## Statement of Facts.

Defendant's counsel offer in evidence the minute book of the proceedings of the town council of the borough of Chambersburg, and especially the minute of the meeting of September 23, 1880, in which the town council ordained and granted " unto the Baltimore & Cumberland Valley Railroad Extension Company the right of way, liberty and privilege to construct and operate its railroad from the southern terminus of Water street in the said borough, through, over, upon and along the said street northward to the northern terminus of said street; provided, that the said company in constructing its said railroad, sidings and switches, shall, in its cuttings and fillings in and upon said Water street, conform to the grade shown by the profile hereto attached and made part of this ordinance;" to be followed with evidence of a contract to that effect entered into between the borough and the company, in conformity with this ordinance and resolution of council, dated September 27, 1880; and further to be followed by proof that the railroad constructed its road throughout Water street in strict conformity to the grade thus established and given by this ordinance to it, and that the grade of the said railroad on the embankment opposite the property of the plaintiff in this case is fixed at that grade thus established by the town council; this to be followed by the acts of incorporation and supplements thereto of the borough of Chambersburg, as fully authorized to ordain and fix the width and grade of streets; and further that the work on Water street opposite the property of the plaintiff in this case was done under the direction and supervision of a committee of the town council.

Objected to, first, because the evidence does not tend to show in any way that the borough established any grade for Water street; and, secondly, because it is irrelevant and immaterial.

By the court: The offer here is not to show that prior to the year 1874, when the new constitution was adopted, or at any time prior to September 1880, the grade of Water street had been fixed by the town council; but it is to show that in September 1880, when this railroad was projected, the town council granted a right of way to the railroad on Water street, upon condition that they would conform to a certain grade in the making of their railroad. The town council, if they themselves had passed a resolution fixing the grade of the street, and had

undertaken to raise the street to that grade, would have been bound to answer to the property holders for the damages. The town council did not do that. They granted liberty to the railroad company to do it; and the railroad company, having done it, must themselves answer for damages, if there be any to the property holders, and not the town council. The objection is sustained; the evidence is rejected, and a bill of exceptions is sealed for the defendant.

The case was submitted to the jury upon the testimony, under instructions by ROWE, P. J., when the jury returned a verdict for the plaintiff for $450. Judgment having been entered on the verdict, the defendant company took this appeal, assigning as error:

1. The refusal of defendant's offer.[1]

*Mr. David Wills* (with him *Mr. F. M. Kimmel* and *Mr. Thad. M. Mahon*,) for the appellant.

Counsel cited: Section 10, act of February 19, 1849, P. L. 83; New Castle etc. R. Co. v. McChesney, 85 Pa. 522; Cumberland V. R. Co. v. Rhoadarmer, 107 Pa. 214.

*Mr. O. C. Bowers* (with him *Mr. D. W. Rowe* and *Mr. Alex. Stewart*), for the appellee.

Counsel cited: Stewart v. The County, 2 Pa. 340.

OPINION, MR. JUSTICE McCOLLUM:

The offer of the ordinance of September 23, 1880, was properly rejected. It was not relevant or material to the issue made by the pleadings. It was alleged by the plaintiff that the railroad company, in constructing its road upon Water street in the borough of Chambersburg, made an embankment in the street in front of his lots, by reason of which he sustained damage; and this allegation was denied by the company. The ordinance did not fix the grade of Water street, nor attempt to do so. It merely granted to the railroad company the right to use the street for its road, provided it conformed to a certain grade. It was the grade of the railroad to which the proviso referred. In this case the grade of the railroad did not conform to the actual grade of the street. We need not

discuss the question of the liability of a railroad company for damages, where it locates its road in conformity with the paper grade of a street, before an actual change of grade is effected by the city or borough authorities. It will be time enough to consider this question when it fairly arises.

We think the reasons given by the learned judge for excluding the evidence, are a sufficient vindication of his ruling.

The judgment is affirmed.