Filed Oct. 8, 1889.

No. 13,833.

## THE CITY OF ANDERSON *v.* BAIN.

STREETS AND ALLEYS.—*Laying Out or Altering.—Reference to City Commissioners.—Assessment of Damages and Benefits.*—Under sections 3166 and 3167, R. S. 1881, when a city undertakes to lay out a new street or alley, or to alter an existing one, it must refer the matter to the city commissioners provided for therein, for the assessment of the benefits and damages accruing to property owners from such improvement.

SAME.—*Failure to Refer to City Commissioners.—Liability of City.*—Where a city undertakes to widen an alley into a street without referring the matter to the city commissioners for the assessment of benefits and damages, thus depriving a property owner of the right to have his damages assessed in the manner prescribed by the statute, it is liable to such person for the damages which were assessable by the commissioners.

SAME.—*What Damages Assessable by City Commissioners.*—The city commissioners may assess damages accruing from the laying out or the altering of a street, but they have no power to assess damages resulting from the manner in which the street may afterwards be graded, or otherwise improved, and for damages of the latter kind the city does not become liable on account of its failure to refer the matter of the improvement to the city commissioners.

SAME.—*Grading of Street.—When Lot Owner Entitled to Damages.*—An abutting lot owner is not entitled to recover damages resulting from the original grading of a street, but to entitle him to damages on account of the grading of a street he must show that there was a prior established grade, and that the damages for which he sues were caused by a change therein.

From the Madison Circuit Court.

*E. B. Goodykoontz* and *F. P. Foster*, for appellant.
*C. L. Henry* and *H. C. Ryan*, for appellee.

OLDS, J.—The appellee was the owner of lot No. 11, in T. N. Stillwell's second addition to the city of Anderson; said lot fronted south on Canal street; there was an alley fourteen feet wide along the north end of said lot, also an alley fourteen feet wide running along the entire length of said lot on the west side thereof. Said Canal street, and the alleys running along and beyond said lots had been laid out and dedicated to the public use long before the acts and damages complained of in this case. The city of Anderson owned a strip of ground forty feet in width adjacent to and along the west side of the alley which ran along the west side of the said lot owned by the appellee, extending the entire length of said lot, and beyond the same both north and south; said forty-foot strip owned by the city extending from Williams street, a street running east and west one-half block north of appellee's lot, to Lane street, a street running east and west one block south of Canal street.

On the 6th day of April, 1885, the common council of the city of Anderson passed an ordinance for the opening, grading and gravelling of a new street, fifty-four feet in width, extending from Williams street to Lane street, two blocks in length, and crossing Canal street at the southwest corner of appellee's lot, which new street was located upon and included said fourteen-foot alley on the west of appellee's lot, and the forty-foot strip owned by the city as aforesaid, and designated said new street as School street. Said city then gave notice that it would receive bids for the opening, grading, and gravelling of said street; and, in pursuance of such notice, contracted with one John Green to open, grade, and gravel said street in accordance with plans and specifications adopted by the common council, and said Green commenced the said work in the summer of 1885, and completed it during that

year.   This action is brought to recover damages to the appellee's property, the lot aforesaid.

The cause was put at issue, and there was a trial resulting in a judgment in favor of the appellee.   The errors assigned are :

1st.   " That the complaint does not state facts sufficient to constitute a cause of action."

2d.   " The court erred in overruling the demurrer to the complaint."

3d.   " The court erred in sustaining the demurrer to the second paragraph of answer."

4th.   " The court erred in overruling the motion for new trial."

5th.   " The court erred in overruling the motion in arrest of judgment."

The complaint alleges that the plaintiff is the owner of the lot, describing it, upon which there are now, and for more than two years have been, valuable buildings, consisting of a two-story dwelling-house, a wood-house, and other outbuildings, which lot abuts and adjoins on the west side thereof its entire length, 144 feet, along a public alley 14 feet wide, which alley was laid out and dedicated to the public use as a part of said " Stillwell's second addition ; " that, on the 6th day of April, 1885, said defendant, by its common council, pretended to pass, enact, and adopt an ordinance for the opening, grading, and gravelling of a new street within the corporate limits of the city, designated as School street, describing the street, stating that the west line of plaintiff's lot constituted the east line of said new street; that the plaintiff's wood-house upon said lot is situate upon the west line of said lot, and abuts upon said street, and that her stable upon said lot is situate upon the alley in the rear of said lot ; that after the passage of said ordinance, and in pursuance of the terms thereof, said city, by its common council, undertook to and did enter into a written agreement and contract with one John Green for the building, digging, constructing, and

making of said new street according to the terms of said ordinance, contract, and specifications of the city civil engineer of said city; that said Green, pursuant to the terms of said agreement, proceeded to and did make and construct said street according to said ordinance, specifications and agreement with said city, all of which was done without having referred said matter to the city commissioners of said city, whose duty it was to examine, and who might meet and examine, the property sought to be appropriated, and to view and examine the real estate in the vicinity of said new street that might be benefited or injured by the construction of said proposed new street, and that they might estimate the damages and injuries to the property and real estate injuriously affected by such improvement, and permit any person so injured and damaged to appear before such commissioners and show and prove to them any damages sustained. By reason of which failure to so refer said matter of said proposed street to said board of city commissioners, the appellee was wholly deprived of her right and privilege of having her damages assessed for said improvements, and of appearing before said commissioners and showing and proving any damages she might show herself entitled to by reason of said proposed street; that, in the construction of said new street as aforesaid, said contractor of said city, as aforesaid, cut down plaintiff's said lot the entire length thereof on the west side thereof to the depth of two feet, and cut the south or front end thereof gradually down to the depth of ten feet, but to the north or rear end of said lot, leaving plaintiff's said lot above said street after it was so constructed from two to ten feet the entire length of said lot, leaving the alley in the rear of said lot ten feet above the level of said newly constructed street, thereby cutting off all ingress and egress to the rear end of said lot situate and abutting on said alley; that by reason of said street having been so made and cut as aforesaid, plaintiff will be compelled to build a stone wall the en-

The City of Anderson *v*. Bain.

tire length of said lot to prevent the said lot from caving and undermining her said house, at a cost to her of three hundred dollars; that she was compelled to and did build a foundation under her wood-house that abuts on said new street at a cost of one hundred dollars; and that said defendant, by and through its said contract in the making of said street, caused to be hauled and carried away five hundred yards of earth, gravel, and soil belonging to plaintiff, of the value of one hundred dollars, and otherwise damaged plaintiff in all the sum of one thousand dollars, all by reason of the construction of said street; and there is a demand for judgment.

The appellant demurred to the complaint for want of sufficient facts, which demurrer was overruled, and exceptions taken.

Section 3166, R. S. 1881, provides that "There shall be appointed, once in each year, by the circuit court in the county wherein is situated any city of this State incorporated under the general act for the incorporation of cities, five freeholders, residents of said city, who shall constitute a body to be called city commissioners, and whose duty it shall be to hear and determine all matters appertaining to the acquisition, opening, laying out, altering, and straightening of streets, alleys, and highways within said city, and also to hear and determine all matters appertaining to the altering or straightening of streams within said city, and the taking of land for sewerage purposes," etc.

Section 3167 provides that "Before any matter of the opening, laying out, or altering of any street, alley, highway, or watercourse, or of the vacation thereof, shall be referred to the city commissioners, the common council shall refer the matter, to an appropriate committee, who shall examine the matter and report at the next meeting of the common council upon the expediency of so referring, and if the common council shall determine, by a two-thirds vote, to submit the said matter to the commissioners, it shall be so or-

dered, and shall thereupon be referred to said commissioners, as hereinbefore provided," etc.

Sections 3168, 3169, 3170, 3171, and sections following, prescribe the duties of the city commissioners. These sections provide for the assessment of damages to property, no part of which is taken for the improvement. The construction which, we think, should be placed upon these sections of the statute is, that all proposed street improvements "appertaining to the acquisition, opening, laying out, altering, and straightening of streets, alleys and highways within said city," shall be referred to said city commissioners, but preliminary to referring such matters to such city commissioners, the common council shall refer the matter to an appropriate committee, who shall examine the matter and report at the next meeting of the common council upon the expediency of so referring; and, when the committee report, the council take a vote upon the question of referring the matter to the city commissioners; if two-thirds vote in favor of referring it, the matter is referred; if two-thirds do not vote in favor of referring it, that ends the question of the improvement. It seems to us that the improvement made in this case clearly comes within the character of street improvements contemplated by these sections of the statute, and should have been referred to the city commissioners to assess the benefits and damages. If it can not be said to be the opening or laying out of a new street, it is certainly the altering of a street or alley; and it is unnecessary to determine which it was, as in either event it should have been referred to the city commissioners.

It is contended by counsel for appellant that the damages alleged relate to the improvement of the street, and that the action of the common council is governed by sections 3161, 3162, and 3163, R. S. 1881. The improvement in this case was not of an old street petitioned for under section 3162, and section 3161 is not in conflict with the construction we have given to sections 3166, 3167, and other sections referred to.

Section 3161 gives to the common council exclusive power over the streets, and the right to lay out, survey, and open new streets and alleys, and straighten, widen and otherwise alter those already laid out, etc., but sections 3166 and 3167 provide the manner in which the benefits and damages shall be assessed when the common council does make any alteration in a street or alley or lay out a new one.

The city in this case changed the alley into a street, making it, instead of an alley 14 feet in width, a street 54 feet in width, without referring the matter to the city commissioners for the assessment of benefits and damages, and in doing so the city exceeded its power, or rather neglected a plain duty prescribed by the statute, whereby the appellee was deprived of her right to have any damages she might sustain by reason of such change assessed by the city commissioners as prescribed by the statute; but the damages to be assessed by the city commissioners only relate to the damages which will accrue by reason of the opening of the new street or the change to be made in the street by reason of the change in the location, widening or narrowing the same, and does not include damages resulting from the manner in which the street may be improved after it is laid out and opened. As in this case there are two elements of damage, one the laying out of the street, changing it from a 14-foot alley to a 54-foot street; this damage, if any resulting to the appellee, would be assessable by the city commissioners, and she was deprived of the right of having it so assessed by the failure of the common council to refer the matter to the city commissioners, and for such damages as she has sustained by reason thereof she has a right of action against the city. But there is another element of damage, and the principal, if not the only, damage alleged in the complaint in this case, and that is the damage resulting from the grading of the street. This element of damage is not assessable by the board of city commissioners. Ordinarily, we presume, an ordinance provides for the opening of a street or the changing of it,

and the grading or improvement of it is an after consideration, provided for by a subsequent ordinance.

The lot-owner is not entitled to damages resulting from the original grading of a street. It is only when the grade of a street has been once established and afterwards changed, and the lot-owner sustains damage by reason of such change in the established grade of the street, that the lot-owner is entitled to damage. *City of Lafayette* v. *Nagle*, 113 Ind. 425. So that to entitle an abutting lot-owner to damages resulting from grading a street, he must show that there had been a prior established grade, and that the damage resulted by reason of the change. That is not done in this case. There is no averment in the complaint that there ever had been any established grade to the alley prior to the grade established and made by the city in making the alleged improvement to the street. The damages sued for in the complaint are damages resulting from the grading of the street, and not the widening of the alley into a street.

The complaint proceeds upon the theory that the city having failed to refer the matter to the city commissioners, it is liable to the appellee for all damages she may have sustained by reason of grading the street and cutting it down below the level of her lot, and it fails to allege that there ever had been any prior established grade to the alley. We think no damages are alleged which resulted from the mere change in the width ; and if there is, it is evident the complaint was not framed with a view of basing a recovery on those damages, and a complaint, if good, must be so on the theory on which it is pleaded.

The demurrer to the complaint should have been sustained. Taking the theory we do of the complaint, it is unnecessary to decide the other questions presented.

Judgment reversed, at costs of appellee, with instructions to sustain the demurrer to the complaint.

Filed Oct. 8, 1889.