No. 13,736.

BURKAM *v.* THE OHIO AND MISSISSIPPI RAILWAY COMPANY ET AL.

STREETS.—*Railroad.*—*Nuisance.*—*Abatement of.*—*Evidence.*—In an action for the abatement of a nuisance, by the removal of a railroad track, it is competent to prove that the plaintiff consented to the occupancy of the street, and assisted in making the fill upon which the track was laid.

SAME.—*Abutting Owner.*—*Consent of to Occupancy of Street.*—*Injunction.*—An abutting owner, who expressly consents to the occupancy of a street, can not afterwards ask a court to enjoin the use of the street or award him damages.

SAME.—*Use of by Railroad.*—*Grant of Right by City.*—*Liability for Making Grant.*—*Abutting Owner's Proprietary Interest.*—A city, in granting a right to a railroad company to use a street, does not deprive an abutting owner of his proprietary right in the street. The grant by the municipal corporation simply grants the privilege the city has power to grant. In granting such a privilege a city exercises a power delegated to it by the sovereign, and it is not liable for exercising such a power.

SAME.—*Abutting Owner.*—*Recovery of Damages by.*—*Against whom Recovery Must be Had.*—*Railroad.*—*City.*—The abutting owner, notwithstanding the grant by the municipality, has a right to recover such damages as he may have sustained by the additional burden imposed upon his land. His right to compensation, however, is against the railroad company, and not against the city.

SAME.—*Recovery of Damages.*—*What Abutting Owner Must Show.*—It is incumbent upon a property-owner who seeks to recover damages for the construction of a railroad track in a street, to show that the additional burden caused injury to his property. Where there are no damages there can be no recovery.

From the Dearborn Circuit Court.

*J. K. Thompson,* for appellant.

*H. D. McMullen, W. R. Johnston, W. N. Hauck, G. N. Roberts* and *C. W. Stapp,* for appellees.

ELLIOTT, J.—The appellant seeks by his complaint the abatement of a nuisance by the removal of a railroad track

from William street, in the city of Lawrenceburgh, and also to obtain an injunction and to recover damages.

The trial court admitted evidence tending to prove that the appellant consented to the occupancy of the street, and assisted in making the fill upon which the track was laid. This evidence was clearly competent. An abutting owner who expressly consents to the occupancy of a street can not afterwards ask a court to enjoin the use of the street or award him damages. *Wolfe* v. *Covington, etc., R. R. Co.,* 15 B. Mon. 404; *Marble* v. *Whitney,* 28 N. Y. 297; *Murdock* v. *Prospect Park, etc., R. R. Co.,* 10 Hun, 598. In *Marble* v. *Whitney, supra,* the court, in speaking of the consent of the plaintiff to a change in a highway, said: "The plaintiff's consent was not a license which he could revoke after the alteration was made. Commissioners of highways may act upon the parol consent of the owner in laying out or altering a highway across his lands; and although such consent may be revoked, it must be done before the road is laid out or the alteration made. If the commissioners act immediately on the faith of the virtual consent, by laying out the road or making the alteration, he will be estopped from denying the legality of the act. In *People* v. *Goodwin,* 1 Seld. 568, it was held that a parol consent was sufficient, and if not revoked before the commissioners acted on the faith of it was irrevocable."

The liability of the appellee, the city of Lawrenceburgh, depends upon different rules from those upon which the liability of the railroad company depends, and we shall first dispose of the branch of the case involving the liability of the city.

We have no doubt that an abutting owner has a proprietary right in the street of which he can not be deprived without compensation. *State* v. *Berdetta,* 73 Ind. 185, and cases cited; *Ross* v. *Thompson,* 78 Ind. 90; *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200; *Town of Rensselaer* v. *Leopold,* 106 Ind. 29. But it by no means follows from this

that a city in granting a right to a railroad company to use a street deprives the abutter of his property. The grant by the municipal corporation transfers no proprietary rights of the abutter, it simply grants the privilege the city has power to grant. In granting such a privilege a city exercises a power delegated to it by the sovereign, and it is not liable for exercising such a power. *Port of Mobile* v. *Louisville, etc., R. R. Co.*, 84 Ala. 115 (5 Am. St. Rep. 342). Notwithstanding the grant by the municipality, the abutting owner has a right to recover such damages as he may have sustained by the additional burden imposed upon his land. *White* v. *Chicago, etc., R. R. Co., ante,* p. 317. But the right of the abutter to compensation is against the railroad company, and not against the city.

It is true that where the grade of a street is changed the abutter is entitled to such damages as he sustains. *City of Lafayette* v. *Wortman,* 107 Ind. 404. But while this is true it is also true that where there are no damages there can be no recovery. There can be no recovery where there are no substantial damages shown, for the right to recover damages is purely statutory, since at common law there was no such right, and it is clear that it is only where actual damages are sustained that an action will lie. *City of Kokomo* v. *Mahan,* 100 Ind. 242; *City of Anderson* v. *Bain,* 120 Ind. 254. Where there are no damages there can, it is quite clear, be no recovery under the statute, and the right is exclusively statutory.

It is found by the jury in answer to the interrogatories submitted to them, that the property of the plaintiff was not injured, and their answers we must infer were adopted and acted upon by the court, so that there is, clearly enough, no case made against the city.

It is incumbent upon a property-owner who seeks to recover damages for the construction of a railroad track in a street, to show that the additional burden caused injury to his property. *Indiana, etc., R. W. Co.* v. *Eberle,* 110 Ind.

542. Where the use of the street and the changes made in it by the railroad company actually benefit the abutting property, the owner certainly sustains no loss, and if he sustains no loss no property is taken from him. In this case the jury find that the construction of the railroad did not cause any damage to the complainant, and he can not therefore maintain an action.

There is a distinction between an action for taking a street for the use of a railroad and an action to recover damages for the negligent and wrongful operation of the road, but until there has been negligence or wrong in operating the road no action to recover such damages will lie.

In one of the interrogatories submitted to the jury they were asked whether the plaintiff knew that the grade was being raised in front of his property, and whether he advised that it be done, and whether he assisted in making the fill, and the jury answered " Yes, he did." It is evident from what has already been said that the fact thus found effectually defeats a recovery.

We have examined the evidence, and think it well sustains the finding and judgment. We have done this notwithstanding the fact that we are strongly inclined to the opinion that the appellees are correct in asserting that the bill of exceptions is not properly in the record.

Judgment affirmed.

Filed Feb. 28, 1890.