Argued 27 February, decided 3 April, rehearing granted 17 July, finally decided 21 November, 1906.

### WOLFARD *v.* FISHER.

84 Pac. 850, 87 Pac. 530; 7 L. R. A. (N. S.) 991.

RAILROAD—RIGHT IN STREET WHEN CONSTRUCTED WITH CONSENT OF ABUTTING OWNERS—ESTOPPEL.

1. After a railroad track has been constructed with the consent of the abutting owners to its location, and has been maintained for many, say twenty, years, such owners cannot complain of its location, both because they are estopped by their consent and because the application for relief has not been seasonably made.

RAILROAD IN STREET—RIGHT OF PUBLIC TO USE—NUISANCE.

2. Where a railway switch, though used largely by defendant, is open to all persons for shipping purposes, it is a public track, and its presence in a public street does not constitute a nuisance per se.

From Marion: WILLIAM GALLOWAY, Judge.

Suit by J. Wolfard and others against A. W. Fisher, executor, to enjoin the continuance of a nuisance, resulting in a decree for defendant, from which this appeal is taken.

AFFIRMED.

For appllants there was a brief with oral arguments by *Mr. L. H. McMahon.*

For respondent there was a brief over the names of *L. J. Adams, W. E. Yates* and *G. G. Bingham,* with oral arguments by *Mr. Adams* and *Mr. Bingham.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This suit was brought in 1904 by the owners of property abutting on Water Street in the City of Silverton, and by persons engaged in business along such street, to enjoin and restrain the defendant from maintaining and operating on the street a switch or branch railroad from his flouring mill and warehouse connected therewith to the main line of the Oregon & California Railroad Co. a distance of about a quarter of a mile. This switch or branch road was built in 1881 by the Oregonian Railway Co., the grantor of the Oregon & California Railroad Co., under an agreement with the then owner of the flouring mill by which the latter was to obtain the right of way, furnish the ties, and pay the railway company $1,000 in cash, and it has been used and operated ever since. For a short time after it was built, horses were used in moving cars over the road, but this was found to be impracticable and for more than 20 years prior to the commencement of this suit, cars have been moved by the engines of the railroad company. What is now Water Street was a county road at the time the switch or side track in controversy was built. All the property owners except two, along that portion occupied by the track joined in a petition addressed either to the railway company, asking it to build the road, or to

the county court, praying that a right of way along the county road be granted for that purpose.

The evidence tends to show that this petition was presented to the county court, but there is no proof that any. action was taken thereon. Two or three years after the road had been built some controversy arose about the matter, and the county court was requested to order its removal, but did not do so. In April, 1894, and after the incorporation of the City of Silverton, an ordinance was duly passed by the common council, granting to J. W. Cochran, who then owned the flouring mill, a 10-year franchise to maintain and operate a railroad on Water Street from his mill to the main line of the Oregon & California Railroad Co., and in March, 1904, such franchise was extended for an additional 10 years. The plaintiffs' position is that the road was built and is maintained for the private use and benefit of the owner of the flouring mill and not for public purposes, and is therefore a nuisance, and an unlawful use of the street. The defendant, however, contends and alleges that the railroad in controversy belongs to the Oregon & California Railroad Co. and is maintained and operated by its lessee, the Southern Pacific Co., for public purposes, and that both of these companies are necessary parties to this suit. It is, we think, unnecessary to consider or determine either of these questions at this time. The road was built originally by the consent and at the request of the property owners along that portion of the county road occupied by it, and since 1894 has been maintained and operated under a franchise granted by the municipal authorities. It is used principally for the transportation of grain from the main line of the railroad company to the defendant's mill and of flour and other mill products from the mill to such main line, but there is evidence that the defendant owns and operates in connection with his mill a grain warehouse or elevator with a storage capacity of about 60,000 bushels, and that the road has been used for the transportation of hops, grain, building material and the like for parties other than the mill company. Whether this is such a public use as would have authorized the construction and maintenance of the road

(48th Or.—31)

in the street originally, without the consent of the owners of the abutting property, is not necessary to consider.

1. The track was built by the express consent of and at the request of the property owners, and neither they nor their successors in interest are now entitled to injunctive relief against it. A property owner who has expressly consented to the use of his own property or of the street in front thereof for purposes such as shown, is not entitled, after the road has been constructed and operated for 20 years, to an injunction against its further maintenance: 3 Elliott, Railways, §§ 949, 1096; 1 Lewis, Em. Dom. (2 ed.) § 120; 2 Wood, Railways, p. 792; *Burkam* v. *Ohio & Miss. Ry. Co.* 122 Ind. 344 (23 N. E. 799). Injunctive relief will only be granted when application therefor is seasonably made: *Midland Ry. Co.* v. *Smith,* 113 Ind. 233 (15 N. E. 256). The decree of the court below will therefore be affirmed.                                        AFFIRMED.

Decided 21 November, 1906.

ON REHEARING.

*M. L. H. McMahon* for appellants.

*Mr. L. J. Adams* and *Mr. G. G. Bingham* for respondent.

MR. JUSTICE HAILEY delivered the opinion.

2. On the rehearing in this case it was strenuously contended by the counsel for the plaintiff that the track in question is used for private purposes only, for the benefit of the defendant, and, being so used on a public street, is a public nuisance *per se.* The evidence, however, shows that, while the track is used largely by the defendant for shipping in grain for his mill and shipping out his products, it has also been used by others, including at least two of the plaintiffs, for shipping other products, such as lumber, shingles, brick, sand, hops and other freight, and is open to all persons for shipping purposes. Such being the case, it is clearly not a private track confined exclusively to the use of the defendant or any limited number of persons, and, being available to the public generally for shipping purposes, its use is a public one. The number of shipments made by different individuals or firms over a track is not the

criterion by which to judge whether or not it is a public track. The public or private character of a track or way depends upon the right of the public generally to its use and not upon the extent of the exercise of that right. If such right is confined to a limited number only, it is a private use and a private track, although such persons may use it an equal or unequal number of times each, while, if it is available to all the public who desire to use it for shipping purposes, it is a public use, although some one or more of the public may use it more frequently than others. As stated in *Phillips* v. *Watson*, 63 Iowa, 33 (18 N. W. 659), "if all the people have the right to use it, it is a public way, although the number who have occasion to exercise the right is very small": Elliott, Railroads (3 ed.) § 961; *Bridal Veil Lum. Co.* v. *Johnson*, 30 Or. 205, 210 (46 Pac. 790, 34 L. R. A. 368, 60 Am. St. Rep. 818); *Towns* v. *Klamath County*, 33 Or. 225, 233 (53 Pac. 604).

The former opinion sufficiently covers the only other point in the case, and we adhere to that opinion. The decree of the lower court will therefore be affirmed.        AFFIRMED.