(April 13, 1912.)

# WILLIAM TRUEMAN and ALBERT WUNDERLICH, Copartners, Doing Business Under the Firm Name and Style of TRUEMAN & WUNDERLICH, Respondents, v. THE VILLAGE OF ST. MARIES et al., Appellants.

[123 Pac. 508.]

APPEAL—TRANSCRIPT—CERTIFICATE—UNDERTAKING ON APPEAL — CITIES AND VILLAGES—POWER AND CONTROL OF STREETS—RAILWAY COMPANY—RIGHT OF WAY OVER STREETS—DAMAGES—RAILWAY OCCUPYING STREETS.

(Syllabus by the court.)

1. On an appeal from a judgment where the transcript on appeal contains the judgment-roll certified to by the clerk of the court, and such judgment-roll is set forth in the transcript on appeal, and the transcript on appeal is certified to by the clerk of the district court, in which it is stated that the transcript "contains a full and true and correct copy of the original papers now on file in my office in the above-entitled action," and specifies all the papers filed in the case, and in addition says, "9. Clerk's certificate of judgment-roll," such certificate shows the transcript contains the judgment-roll.

2. Sec. 4935 of the Rev. Codes, which provides "In any civil action or proceeding wherein the state or the people of the state, is a party plaintiff, or any state officer, in his official capacity, or on behalf of the state, or any county, or city, is a party plaintiff or defendant, no bond, written undertaking or security can be required of the state or the people thereof, or any officer thereof, or of any county, or city; but on complying with the other provisions of this code, the state, or the people thereof, or any state officer acting in his official capacity, or any county or city, have the same rights, remedies, and benefits as if the bond, undertaking or security were given and approved as required by this code," applies to villages organized under the laws of this state governing the organization of cities and villages.

3. Under the provisions 'of sec. 4178 of the Rev. Codes, if the complaint fails to state facts sufficient to constitute a cause of action, the complaint will not support the judgment rendered upon said complaint and the judgment so entered will be reversed upon appeal.

4. The constitution and laws of this state clearly confer the right upon a railway company to construct its railway within a city or village upon complying with the laws of the state, and also grant power and authority to cities and villages to pass ordinances granting a right of way to a railway company to lay its track and use as a right of way streets within said city or village, and in all such cases both the city or village and the railway company must comply with the provisions of the law and also the ordinances of such village.

5. Where an action is brought against a village for failure to ascertain and assess damages under the provisions of subds. 26 and 27 of sec. 2238 of the Rev. Codes, it is necessary to allege in the complaint the acts and procedure of the village, including the ordinances passed under which said village proceeded in condemning or taking the property, and the ascertainment and assessment of damages and the payment of such damages, and until such damages are assessed and paid, there is no condemnation or taking of such street by the village, and no right of action lies to collect from the village such damages.

6. Where a city or village organized under the laws of this state grants a right of way to a railway company to lay its tracks along the streets in said city or village, such city or village is exercising its governmental powers granted to it by the constitution and the statutes of the state, and by such acts does not in any way create a liability against the municipality for damages occasioned by the railway company exercising the right so granted, and the damages resulting from exercising the right so granted to the city or village cannot be recovered in an action against the city or village, and whatever liability there is, is against the person to whom such right of way is granted.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. Robert N. Dunn, Judge.

An action to recover damages against the village of St. Maries.   Judgment for plaintiff.   *Reversed.*

R. B. Norris, F. M. Dudley, and J. L. McClear, for Appellants.

The mere granting of the right to the railway company to construct its railway across or along the street did not, and could not, damage any property.   Such damage, if it accrued at all, would accrue only when the railway company, acting

under such consent, actually occupied the street. (*Eachus v. Los Angeles etc. Ry. Co.*, 103 Cal. 614, 42 Am. St. 149, 37 Pac. 750; *Jones v. Borough of Bangor*, 144 Pa. 638, 23 Atl. 252.)

Such an injury as alleged in the court's finding gives no right of action or claim for compensation to a private individual. (Sec. 3665, Rev. Codes; *Stufflebeam v. Montgomery*, 3 Ida. 20, 26 Pac. 125; *Ponischil v. Hoquiam Sash etc. Co.*, 41 Wash. 303, 83 Pac. 316, and cases cited; *Shaubet v. St. P. & S. C. Ry. Co.*, 21 Minn. 502; *Jacksonville etc. Ry. Co. v. Thompson*, 34 Fla. 346, 16 So. 282, 26 L. R. A. 410; *Guttery v. Glenn*, 201 Ill. 275, 66 N. E. 305; *Zettel v. City of West Bend*, 79 Wis. 316, 24 Am. St. 715, 48 N. W. 379; *Robinson v. Brown*, 182 Mass. 266, 65 N. E. 377; *Aldrich v. Wetmore*, 52 Minn. 164, 53 N. W. 1072; *Abram v. Shallenberger*, 41 Cal. 449; *Anthony Shoe Co. v. West Jersey Ry. Co.*, 57 N. J. Eq. 607, 42 Atl. 279; *Innis v. C. R. etc. Ry. Co.*, 76 Iowa, 265, 40 N. W. 701, 22 L. R. A. 282; *Jones v. St. P. M. & M. Ry. Co.*, 16 Wash. 25, 47 Pac. 226.)

Damages to business cannot be considered as an element for which compensation is to be allowed for the taking of property under eminent domain proceedings. (*Philadelphia Ball Co. v. Philadelphia*, 192 Pa. 632, 73 Am. St. 835, 44 Atl. 265, 46 L. R. A. 724, and cases cited; *Kansas City etc. R. Co. v. Anderson*, 88 Ark. 129, 16 Ann. Cas. 784, 113 S. W. 1030; *Cook R. Co. v. Sanitary District*, 177 Ill. 599, 52 N. E. 870; *Cobb v. Boston*, 109 Mass. 438; *Sawyer v. Commonwealth*, 182 Mass. 245, 65 N. E. 52, 59 L. R. A. 726; *Emery v. Boston Terminal Co.*, 178 Mass. 172, 86 Am. St. 473, 59 N. E. 763; *Ranlett v. Concord*, 62 N. H. 561; *Central Pac. R. R. Co. v. Pearson*, 35 Cal. 247; 15 Cyc. 733; 2 Lewis on Eminent Domain, 3d ed., sec. 727.)

A final judgment cannot be rendered against the village until the cause of action has been established against the primary actors, notwithstanding the village may have defaulted. (*Pratt v. So. Canon Supply Co.*, 47 Colo. 478, 107 Pac. 1105; *Frow v. De La Vega*, 15 Wall. (U. S.) 552, 21 L. ed. 60; *Anderson v. Gray*, 134 Ill. 550, 23 Am. St. 696, 25

N. E. 843; *Murtland v. Floyd,* 153 Pa. 99, 25 Atl. 1039; *Curtis v. Smith,* 42 Iowa, 665; *Long v. Serrano,* 55 Cal. 20.)

The complaint does not state facts sufficient to constitute a cause of action against the village of St. Maries.

Upon a writ of error to reverse a judgment by default, such defects in the complaint as could have been taken advantage of before judgment by general demurrer may be brought under review. (*McAllister v. Kuhn,* 96 U. S. 87, 24 L. ed. 615; *Sloan v. Faurot,* 11 Ind. 689, 39 N. E. 539; *Ryan v. Holliday,* 110 Cal. 335, 42 Pac. 891; *Leforce v. Haymes,* 25 Okl. 190, 105 Pac. 644; *Ishmel v. Potts* (Tex. Civ. App.), 44 S. W. 615; *Schneider v. Mahl,* 84 App. Div. 1, 82 N. Y. Supp. 27; 6 Ency. of Pl. & Pr. 117.)

The statutes of Idaho distinctly vest in municipalities power to grant permission for the construction of railroads across or along streets, and do not require as a condition precedent to the exercise of such power that there shall be any appraisal of damages to abutting owners. In granting such permission the municipality acts in a governmental capacity and incurs no liability by such action. (3 Abbott's Mun. Corp., secs. 953–957; *Soulard v. City of St. Louis,* 36 Mo. 546; *Simpson v. Whatcom,* 33 Wash. 392, 99 Am. St. 951, 74 Pac. 577, 63 L. R. A. 815; *Stevens v. Muskegon,* 111 Mich. 72, 69 N. W. 227, 36 L. R. A. 377; *Murtaugh v. City of St. Louis,* 44 Mo. 479, and cases cited; *Wagner v. City of Portland,* 40 Or. 389, 60 Pac. 985, 67 Pac. 300.)

The municipal corporation incurs no liability to a property owner, by giving such permission as alleged here. (*Sorensen v. Town of Greeley,* 10 Colo. 369, 15 Pac. 803; *Jordan v. Benwood,* 42 W. Va. 312, 57 Am. St. 859, 26 S. E. 266, 36 L. R. A. 519; *Terry v. Richmond,* 94 Va. 537, 27 S. E. 429, 38 L. R. A. 834; *Dillebach v. Xenia,* 41 Ohio St. 207; *Laager v. City of San Antonio* (Tex. Civ. App.), 57 S. W. 61; *Frith v. Dubuque,* 45 Iowa, 406; Elliott on Roads and Streets, 2d ed., sec. 702; 3 Abbott on Mun. Corp., sec. 841; 2 Dillon on Mun. Corp., secs. 767, 768.)

Whitla & Nelson, for Respondents.

A pleading that is obscure and indefinite is sufficient on demurrer if a cause of action may be inferred from its averments. (*Delano v. Rice,* 21 Misc. 714, 48 N. Y. Supp. 130.)

If there is any special reason why the complaint is ambiguous or unintelligible or uncertain, it is waived by not filing a demurrer on this ground and is cured by a judgment. (*Aulbach v. Dahler,* 4 Ida. 654, 43 Pac. 322; *Palmer v. Utah & Northern Ry. Co.,* 2 Ida. 315 (290), 13 Pac. 425.)

The complaint sufficiently alleges the acts of the village. (*Collopy v. Cloherty,* 95 Ky. 330, 25 S. W. 497; *Decker v. McSorley,* 111 Wis. 91, 86 N. W. 554.)

The village cannot grant a franchise upon the street and then pretend to vacate it—which is shown in this case to have been done absolutely for the benefit of the railroad company—and then escape its liability for the payment of demages by reason thereof. (*Ligare v. City of Chicago,* 139 Ill. 46, 32 Am. St. 179, 28 N. E. 934; *Schade Brewing Co. v. Superior Court,* 62 Wash. 96, 113 Pac. 576.)

They can grant them the right only when they use the street in conjunction with all other persons, but never when that use is to be exclusive. (*Pennsylvania Co. v. Bond,* 202 Ill. 95, 66 N. E. 941; *Lakeshore R. Co. v. Elyria,* 69 Ohio St. 414, 69 N. E. 738; *Corcoran v. Chicago etc. Ry. Co.,* 149 Ill. 291, 37 N. E. 68; *Delaware etc. Ry. Co. v. Buffalo,* 158 N. Y. 266, 53 N. E. 44; *Daly v. Railway Co.,* 80 Ga. 793, 12 Am. St. 286, 7 S. E. 146; *Chicago etc. Co. v. People,* 222 Ill. 427, 78 N. E. 790; *Lockwood v. Wabash Ry. Co.,* 122 Mo. 86, 43 Am. St. 547, 26 S. W. 698, 24 L. R. A. 516.)

A railroad company cannot by a franchise secure exclusive use of the street. (*Tennessee Brewing Co. v. Union R. Co.,* 113 Tenn. 53, 85 S. W. 864; *City of St. Paul v. Chicago etc. R. Co.,* 63 Minn. 330, 65 N. W. 649, 34 L. R. A. 184; *Village of Wayzata v. Great Northern Ry. Co.,* 50 Minn. 438, 52 N. W. 913.)

Property owners injured by the vacation of a public street are usually regarded as having a remedy under the constitu-

tional provisions relating to the exercise of the power of
eminent domain.   (28 Cyc. 1073.)

A street cannot be vacated without paying the damages
occasioned thereby to the abutting property owners.   (*Biglow
v. Ballerino*, 111 Cal. 559, 44 Pac. 307; *Egerer v. N. Y. C. &
H. R. R. Co.*, 130 N. Y. 108, 29 N. E. 95, 14 L. R. A. 381;
*Pearshall v. Supervisors*, 74 Mich. 558, 42 N. W. 77, 4 L. R. A.
193; *Transylvania University v. Lexington*, 3 B. Mon. (Ky.)
25, 38 Am. Dec. 173; *Horton v. Williams*, 99 Mich. 423, 58 N.
W. 369; *Johnson v. Lonstorf*, 128 Wis. 17, 107 N. W. 459;
*Heinrich v. City of St. Louis*, 125 Mo. 424, 46 Am. St. 490, 28
S. W. 626.)

STEWART, C. J.—Parties to this action will be designated
as follows: Trueman & Wunderlich, partners, plaintiffs;
Chicago, Milwaukee and St. Paul Railway Co., as railway
company; Chicago, Milwaukee & Puget Sound Railway Com-
pany, as railway company, purchaser; village of St. Maries,
as village of St. Maries.

This action was instituted by the plaintiffs against the de-
fendants to recover the sum of $3,000 claimed to be due the
plaintiffs by reason of the acts of the defendants in vacating
a certain street and granting a right of way to the railway
company. The railway company filed a demurrer to this
complaint. No further action was taken against the railway
company. The village of St. Maries failed to appear in said
action and its default was entered, and the cause was tried,
findings of fact and conclusions of law were made, and a judg-
ment entered in favor of the plaintiffs against the village of
St. Maries for the sum of $3,000 damages. This appeal is from
the judgment.

The respondents have filed a motion to dismiss the appeal.
Two grounds were urged: First, that the transcript on appeal
is not certified by the clerk, in that the clerk has not certified
that the transcript contains a copy of the judgment-roll. We
find, however, in the transcript a certificate of the clerk of
the district court made on the 13th day of October, 1910, in
which he certifies "that the foregoing judgment entered in

the above-entitled action, and recorded in book 4 of Judgments on page 563, is a full, true and correct copy of the original judgment on file in the above-entitled action. And I further certify that the papers hereto annexed constitute the judgment-roll in said action.'' The papers preceding this certificate consist of the complaint, the summons, the proof of service, demurrer of the Chicago, Milwaukee and Puget Sound Railway Co., and affidavit of service of demurrer of the Chicago, Milwaukee & Puget Sound Railway Company upon the plaintiffs, the findings of fact and conclusions of law made by the court as to the defendant the village of St. Maries, and the judgment. Following this certificate is the undertaking on appeal and notice of appeal and the certificate of the clerk of the district court of Kootenai county, certifying to the transcript ''that the transcript contains a full and true and correct copy of the original papers now on file in my office in the above-entitled action,'' etc., specifying all the papers filed in the case, and in addition he says: ''9. Clerk's Certificate of Judgment-roll.'' We think this conclusively shows that the transcript contains the judgment-roll.

The second ground of the motion is that no undertaking on appeal was given. The undertaking on appeal is copied in the transcript and is in proper form and purports to have been executed by the village of St. Maries by O. E. Hailey, chairman of the board of trustees and the National Surety Company, by ———. From this statement it appears that the bond was executed by the appellant, but was not signed by the surety company. The appellant, however, contends that in a case where an incorporated village under the laws of the state is either plaintiff or defendant, no bond or written undertaking or security can be required, and that such village has the same rights, remedies and benefits as if the bond, undertaking or security were given or approved, and in support of this contention cites sec. 4935 of the Rev. Codes: ''In any civil action or proceeding wherein the state or the people ·of the state, is a party plaintiff, or any state officer, in his official capacity, or on behalf of the state, or any county, or

city, is a party plaintiff or defendant, no bond, written under-
taking, or security can be required of the state, or the people
thereof, or any officer thereof, or of any county, or city; but
on complying with the other provisions of this code, the
state, or the people thereof, or any state officer acting in his
official capacity, or any county or city, have the same rights,
remedies, and benefits as if the bond, undertaking, or security
were given and approved as required by this code.''

Counsel for respondents, however, answer this contention
and claim that the word ''city'' as used in the above section
does not include villages organized under the laws of this
state, and was only intended as immunity to cities and not
towns or villages. This court has in a number of instances
held that in the law regulating the organization and govern-
ment of cities and villages in this state the words ''cities,''
''villages'' and ''towns'' have been used indiscriminately and
one word for the other; and we have no doubt whatever but
that the legislature intended in using the word ''city'' in the
above act to include all municipal corporations organized
under the laws of the state governing the organization of
cities and villages, and to exempt the state and county, and
all municipalities organized as such, as cities and villages.

The motion to dismiss the appeal is therefore denied.

Upon the argument and in the briefs of counsel for ap-
pellant but one question is presented upon which a reversal
is asked, and that is: Does the complaint state facts sufficient
to constitute a cause of action? If the complaint fails to state
facts sufficient to constitute a cause of action against the vil-
lage of St. Maries, then it does not support the judgment and
the judgment must be reversed. (Rev. Codes, sec. 4178;
*Crowley v. Croesus Gold Min. Co.,* 12 Ida. 530, 86 Pac. 536.)

Sec. 11, art. 11 of the constitution of this state provides:
''No street, or other railroad, shall be constructed within any
city, town or incorporated village without the consent of the
local authorities having the control of the street or highway
proposed to be occupied by such street or other railroad.''
And sec. 881 of the Rev. Codes provides: ''Every . . . . rail-
road corporation has power to lay conductors and tracks

through the public ways and squares in any city, village, or town when it is established, with the consent of the municipal authorities thereof, and under such reasonable regulations, and for such compensation, as the authorities and the law prescribe." Sec. 2807, Rev. Codes, provides: "No railroad corporation must use any street, alley, or highway, or any of the land or water within any incorporated city or town, unless the right to so use the same is granted by a two-thirds vote of the town or city authority from which the right must emanate." This provision of the constitution and the provisions of the statute would seem to confer the right upon the railway company to construct its railroad within a city or village and across the streets upon the consent of the city, town or village, and no condition seems to have been required upon the part of the city or village except the city's or village's consent. Counsel for respondents, however, call attention to the provisions of subds. 26 and 27 of sec. 2238 of the Rev. Codes of the state which provide as follows: "Twenty-sixth. Open, widen or otherwise improve or vacate any street, avenue, alley or lane, in the limits of the city or village; and also create, open and improve any new street, avenue, alley or lane: Provided, That all damages sustained by the citizens of the city or village or of the owners of the property therein shall be ascertained in such manner as shall be provided by ordinance: Provided, further, That whenever any street, avenue, alley or lane shall be vacated, the same shall revert to the owner of the adjacent real estate, one-half on each side thereof."

"Twenty-seventh. Create, open, widen or extend any street, avenue, alley or lane, or annul, vacate or discontinue the same whenever deemed expedient for the public good, and to take private property for public use or for the purpose of giving right of way or other privileges to any railroad company, or for the purpose of erecting or establishing market houses or market places, or for any other necessary public purpose: Provided, however, That in all cases the city or village shall make the person or persons whose property shall be taken or injured thereby adequate compensation therefor,

to be determined by the assessment of five disinterested
holders, who shall be elected and compensated as may be pre-
scribed by ordinance, and who shall, in the discharge of their
duties, act under oath faithfully and impartially to make the
assessment to be submitted.''

In order, therefore, to allege a cause of action against the
village of St. Maries for damages, resulting from the acts
of the village in granting a franchise or right of way to a
railway company upon the streets of said village, or for dam-
ages resulting from the vacation and abandonment of a street
and its abandonment to the exclusive use of a railway com-
pany, it is necessary that allegations be made showing the
facts which result in the granting of such right of way, and
the facts showing the vacation and abandonment of such
street; and in alleging such facts a full compliance with the
requirements of the statute and the ordinances of said village
must appear from such allegations.   Turning now to the com-
plaint, we find that in paragraph 4 it is alleged in substance
that the railway company made application to the village of
St. Maries for permission to lay its line of railway across
Second avenue, in said village, and that the village gave said
railway company permission to lay its tracks upon the condi-
tion that the railway company furnish to said village a bond
to indemnify it for any damage that it might suffer or become
liable for by reason of said tracks being laid upon and across
said street.   And in paragraph 5 of the complaint it is alleged
in substance that the railway company did lay its track upon
said street and in so doing made a large cut of the depth of
twenty feet, and sixty feet in width, and in such manner that
said street for its entire width, and for a distance of about
one hundred feet in length, was completely taken and blocked
by said railway company; and in paragraph 6 of the com-
plaint it is alleged that in granting said privilege the village
of St. Maries failed to have the damages to abutting or adjoin-
ing property owners ascertained by commissioners or ap-
praisers, and that no commissioners or appraisers ever ascer-
tained the damage to be paid to the plaintiffs who were
adjoining property owners; and it is further alleged that the

village was without jurisdiction to grant such right of way or permission to cross said street. By such allegations the complaint clearly shows that the right to construct the railway upon the streets was no more than a permission or license to construct the same, and upon condition that a bond be given for any damages resulting to the village. There is no allegation whatever that any ordinance was enacted by the village trustees, or the nature or extent of the right granted. Whatever right was granted by the village could only be granted by virtue of a proper ordinance enacted by the village, and the extent and character of the right granted depends wholly upon the terms of the ordinance, and to show clearly what was granted and the obligations of the railway company, it is necessary to set forth such ordinance in order to show the facts.

In paragraph 6 of the complaint it is alleged that damages to abutting or adjoining property were not appraised and ascertained, and because of this fact it is alleged that the village was without jurisdiction and without any right whatever to grant said right of way or permission to cross said street. The damages to be appraised under the provisions of subds. 26 and 27 of sec. 2238 of the Rev. Codes are damages and injuries resulting from the vacation of a street and the taking of the same either by the city for its exclusive use, or the granting of the right to take the same to a railway company or any other company making exclusive use of the same. And under the constitution and the statute a city has no right to condemn or vacate a street for the private use of a railway company until full compensation has been made for all injury which would result from such taking. Therefore under the allegations of the complaint there was no complete vacation or condemnation of the street because compensation was not assessed or ascertained, as provided by law, and the village had no authority to vacate said street in the sense of condemning it for the exclusive use of the railway company. If, however, the allegations of the complaint are taken to be sufficient to show that the village was acting within its power in permitting the railway company to

take possession and occupy the street within the village of St. Maries, and by so doing the public were excluded therefrom, and the plaintiffs in this case were denied access to and from their property and thereby injured, still, under the law, the damage thus sustained resulted from the trespass and wrong committed by the railway company, and not the village. The village was only acting under its governmental powers granted to it by the constitution and statutes of the state, and if the village granted the right of way to the railway company for the laying of the railway company's tracks, the village of St. Maries was exercising the power granted to said village to regulate and control the use of its streets, and was exercising its functions as a governmental agency of the state, and the grant was made by the village in its governmental and not in its proprietary capacity. (*People v. Chicago Telephone Co.*, 245 Ill. 121, 91 N. E. 65; *Murphey v. Chicago R. I. & P. I. R. Co.*, 247 Ill. 614, 93 N. E. 381; *State v. Superior Court*, 105 Wis. 651, 81 N. W. 1046, 48 L. R. A. 819; *Grand Trunk Ry. Co. v. City of South Bend*, 174 Ind. 203, 89 N. E. 885.)

In the case of *Sorensen v. Town of Greeley*, 10 Colo. 369, 15 Pac. 803, the supreme court of the state of Colorado, in discussing the liability of a municipality for damages resulting from the vacation of a street and the granting of a right of way to a railway company to lay tracks thereon, and the occupancy of said street by such railway company, says: "In no view of the case can the town be held liable for the injury resulting from such disturbance of the flume and lateral of the plaintiff. The granting of a right of way on a street for a railway by a municipality does not create a liability against the municipality for the damages occasioned by the corporation exercising the rights so granted. The liability in such case is against the corporation exercising and enjoying such rights. (*City of Denver v. Bayer*, 7 Colo. 113, 2 Pac. 6.)"

In the case of *Jordan v. Benwood*, 42 W. Va. 312, 57 Am. St. 859, 26 S. E. 266, 36 L. R. A. 519, the supreme court of West Virginia reviews the facts in a case very similar to the one now under consideration, and says: "The change of grade on the street was made by a street railroad company under

authority from the city. Is the city liable at all? I have found no law asserting the liability of the city. It grants authority, a mere license, under sanction of the legislature, for the construction of railroads in the street, but does not become guarantor for all damages resulting to abutting owners. The railroad is not its work, nor performing as officer or agent of the city the functions incumbent on it, whether an ordinary or street passenger railway. It makes no difference that city officers overlooked the work to see that no violation of the public interest occurred. I have found no law holding the city liable, and none is cited, but several show the reverse. *Burkam v. Ohio & M. R. Co.*, 122 Ind. 344, 23 N. E. 799, held that the city, in such grant, does not deprive the adjoining owner of his proprietary right in the street; but grants only a privilege under power given by the sovereign, and is not liable for merely exercising this right; and where there is any right to compensation, it is against the railroad company, not the city."

In the case of *Frith v. City of Dubuque*, 45 Iowa, 406, the supreme court of Iowa, in discussing this question, says: "As the cause must be reversed for the errors above discussed, it is not necessary to determine the effect of the failure of the city to make a separate defense in the court below. We do not believe the city is liable. It may by ordinance permit the use of a street for a railway. The railway company accepts the grant subject to liability for any damages which may be sustained by individuals, by an improper construction of the road, or unauthorized use of the street. The use of the street under such permission or grant cannot make the city liable in damages."

In 3 Abbott on Municipal Corporations, sec. 841, the author, after reviewing the authorities upon the use of highways by steam railways, says: "Since the legislature directly or indirectly can authorize the use of a highway by either a steam or street railroad, the right of the abutter, if any, is against the railroad company and not against the public corporation." And the author cites *Bancroft v. City of San Diego*, 120 Cal. 342, 52 Pac. 712; *Burkam v. Ohio & M. R. Co.*, 122 Ind.

344, 23 N. E. 799; *Duke v. Baltimore & C. V. R. Extension Co.*, 129 Pa. 422, 18 Atl. 566. Many other authorities might be cited upon this particular question, a few of which we find to be, *Terry v. Richmond*, 94 Va. 527, 27 S. E. 429, 38 L. R. A. 834; *Dillnebach v. Xenia*, 41 Ohio St. 207; *Laager et al. v. City of San Antonio* (Tex. Civ. App.), 57 S. W. 61; Elliott on Roads and Streets, 2d ed., sec. 702; Dillon's Mun. Corp., secs. 767, 768.

It appears to us, therefore, from the allegations of the complaint that notwithstanding the fact that the village of St. Maries may have granted the railway company a right of way over and across certain streets within the village and in doing so complied with the law as to granting such right of way, and thereafter the railway company took possession of the streets and excavated the same, and damage has resulted therefrom, still the cause of the wrong and injury was the acts of the railway company alone, and not the village.

Counsel for respondents, however, in their brief finally argue: "This is not a case where the village trustees have attempted to do something which the statute does not give them any authority to do whatever, as the statute gives them authority to vacate the street, but provides the manner in which the damages must be assessed, and it is because of the failure of the village trustees to assess the damages upon the doing of the act which the statute gives them the right to do that this action is maintained, and not because of the fact that the village trustees have proceeded to carry out some object for which they have no authority whatever." If, therefore, the action is for the sole purpose of recovering damages because the village trustees failed to assess damages to the property adjoining the street, then it would have been necessary to have alleged facts showing the condemnation and assessment and payment of such assessment, under subds. 26 and 27 of sec. 2238 of the Rev. Codes. But these allegations have not been made in the complaint and there are not facts alleged from which the conclusion can be reached that the village attempted in any way to condemn or take property under the authority of these two subdivisions of sec. 2238.

The village had the authority and power to proceed under these subdivisions, but it was not compelled to do so, and if it did not so proceed, then no liability would arise under such provisions, and the complaint fails to state facts sufficient to constitute a cause of action for the purpose of recovering damages for failure to assess damages under said provisions. So, whatever view may be taken as to the object and purpose of the action, the complaint fails to state facts which constitute a cause of action against the village. The judgment is *reversed.* Costs awarded to the appellants.

Ailshie and Sullivan, JJ., concur.