WILLIAM B. STEWART *vs.* BOARD OF POLICE OF HINDS COUNTY.

In condemning lands to be used as a public road, no provision has been made by the statute in relation to notice to those interested.

· The statute provides, upon the subject of roads, that " all roads shall be laid out by seven commissioners, disinterested freeholders, citizens of the county, to be appointed by the board of police; a majority of whom, after having reviewed, marked, and laid out such contemplated road, shall agree upon a verdict and report the same to the board at its next meeting, which report the board may confirm, or order another review to be made, at its discretion." Hutch. Co. 258.

The same statute declares, that any individual who shall claim damages, shall petition the board to that effect, at the next meeting after the rendition of the report of the commissioners.

As a general rule, it is true that no party is concluded by the judgment of any judgment of any court, unless he has notice of the suit by which his rights are to be' affected. In this State, in almost every instance, constructive notice may be sufficient.

The proceedings of boards of police in this State condemning lands to be used as public highways, are strictly proceedings *in rem*. *Held*, that in such proceedings constructive notice is sufficient to the parties interested.

This is a case strictly *in rem*, in which the order of the board is conclusive against the party, whether he had notice of the proceedings or not.

The action of the jury pursuant to the statute in going upon the land, examining, reviewing, marking, and laying out the road, is sufficient constructive notice to all parties interested.

· IN error from the police court of Hinds county.

The record shows, that certain persons filed their petition in the police court of Hinds county, praying an order, and the preliminary steps for laying out a public road. A jury of review was impanelled, upon the order of said court, which proceeded to lay out the road. As laid out, it passes directly through a large and valuable tract of land of the appellant, who had no notice (although always a citizen of the county, and his residence well known to said court and petitioners) of the filing of the petition and the orders of the court, the assembling of the jury aforesaid, and the laying out of the road, until

after all these steps had been taken. It seems that publication was made in the village paper at Raymond, of the filing of the petition, but it is not shown that the plaintiff in error ever saw this publication before the action of the board of police. In this state of the case, his application to said police court for a rehearing having been refused, he applied to, and obtained, a supersedeas. To reverse the proceedings in the police court, in the premises, and perpetuate said supersedeas, is the object of this suit. The petitioner alleges that his plantation, through which it was contemplated to run said road, is large and valuable, and that it will be depreciated in value, whether in the sale or cultivation thereof, at least one half.

*T. J. & F. A. R. Wharton,* for appellant.

The constitution declares, that no person shall be deprived of his life, liberty, or property, but by due course of law. In this case the proceedings were *ex parte.* The police court seems to have considered some notice necessary to those through whose lands the road would pass, and hence the publication in the newspaper. That form of notice is never resorted to as sufficient, where the party whose rights are to be affected by the proceeding is within the jurisdiction of the court in which the suit is pending. There the notice must be by personal service.

In this case, Stewart lived in Hinds county, within a few miles of the place where the court was sitting, and was personally known to all the members of the board. If the plaintiff in error was not entitled to actual personal notice, then in all cases pending in this court, or the probate court, citations might as well be published in the newspapers, and this will constitute sufficient notice to all persons interested.

No counsel for appellees.

Mr. Justice YERGER delivered the opinion of the court.

This is a writ of error to the board of police of Hinds county, sued out by the plaintiff in error, for the purpose of obtaining the reversal of an order made by that board, locating a public road in Hinds county. It is alleged, by the plaintiff in error,

that he is the owner of a portion of the land condemned for the road, and he insists that the order of condemnation is irregular and void, because notice was not given him of the proceedings of the board in the premises.

We have given to this case an attentive and careful consideration, as it is one of the first impression in this court, and involves questions of no small practical importance to the whole community, aside from the particular interests of the parties to the record.

Upon looking into the statutes on the subject of condemning lands to be used as the public roads, it will be seen that no provision has been made in relation to notice. The statute is entirely silent on the subject; and if notice be necessary, that necessity arises from the general principles of the common law, and not from the requirements of the statute.

The statutory regulations on the subject of roads will be found in Hutch. Code, 258. By them, it is provided, that "all roads shall be laid out by seven commissioners, disinterested freeholders, citizens of the county, to be appointed by the board of police, a majority of whom, after having reviewed, marked, and laid out such contemplated road, shall agree upon a verdict, and report the same to the board at its next meeting; which report the board may confirm, or order another review to be made, at its discretion."

The third section of the act declares, that any individual who shall claim damages, shall petition the board to that effect, in writing, at its next meeting after the rendition of the report by said commissioners, &c., and directs the manner in which the inquisition of damages shall be made.

It is certainly true, as a general principle of our jurisprudence, that no party is concluded by the judgment of any court, unless he had notice of the suit by which his rights are to be affected.

This notice, however, may be either actual or constructive; and it is believed, that, in this State, the legislature has provided in almost every instance, under certain circumstances, for the rendition of judgments on constructive notice.

It is also well known, that while the general rule of the

common law, on the subject of notice, is as we have before stated, yet there is a class of cases which constitute an exception to the rule, and whe̊re parties are concluded by the judgment of the court, although they have had no notice of its proceedings. We allude to that class technically styled proceedings *in rem*, or suits in the nature of proceedings *in rem*, in which the judgment of the court is conclusive against every person interested in the subject-matter of the suit, although such person may have had no actual notice of the pendency of the suit. This happens where the court exercises a peculiar jurisdiction, which enables it to pronounce on the nature and qualities of a particular subject-matter of a public nature, independently of any private party. 1 Stark. Evid. 285.

As instances of this class of cases given in the books, we may mention proceedings relating to marriage and bastardy, sentences relating to marriage and the probate of wills in the ecclesiastical courts, decisions of courts of admiralty, judgments of condemnation in the exchequer, and adjudications upon questions of settlement. 1 Stark. Evid. 285.

In these cases, the general rule is, that the judgment, sentence, or decree, if final in the court pronouncing it, is conclusive against all the world, unless it can be impeached for fraud or collusion. In most of the cases in which these proceedings *in rem* take place, it is considered that the courts obtain jurisdiction of the parties in interest by seizing the thing which is the subject-matter of litigation, and on which the judgment is to operate. The seizure of the thing is considered constructive notice to every party interested to come forward and make known his claim, and the public interests require that the judgment pronounced should be conclusive against the whole world, regardless of any private right which may be affected by it.

We consider the proceedings of the boards of police in this State, condemning lands to be used as public highways, strictly proceedings *in rem*, and that the orders made by them in relation thereto, are to be governed by the rules and principles applicable to such cases.

Such was evidently the intention of the legislature, as it has not made any provision on the subject of notice, nor directed

any manner in which it shall be given.    The whole community is vitally interested in the efficient exercise, by the boards of police, of the jurisdiction on the subject of roads conferred upon those tribunals by the constitution and laws.    The jurisdiction conferred upon them is of a peculiar character, in which every citizen is interested.    The subject-matter on which they act, is of a public nature, independent of private parties.    The judgments rendered by them act upon the thing itself, which is condemned to the use of the public, and we believe the public interests imperatively require that the orders made by them, when made pursuant to the statutes, should conclude the whole world, whether actual notice was given or not to the parties interested in the premises.    It is manifest, that actual notice could not be given in many instances, as it cannot be presumed that the boards of police could know, in all cases, in whom the title was vested to every tract of land in the county necessary to be condemned for public roads, and under such circumstances to declare that these orders of condemnation without this notice are not valid and obligatory, would produce a degree of public inconvenience which nothing would justify, unless the rules of law demanded it.    But we do not believe such to be the law.    On the contrary, we believe the present case strictly a proceeding *in rem*, in which the order of the court is conclusive, whether the party had notice of the proceeding or not.

As before remarked, in the admiralty and exchequer courts the seizure of the thing on which the judgment is to operate, is considered constructive notice to every party in interest to come forward and make known their claim.    So in the present case, the action of the jury, pursuant to the statute, in going upon the premises, and examining, reviewing, marking, and laying out the road, is sufficient constructive notice to every party interested in the land, of the proceedings of the court on the subject.    In almost every case, if there was a tenant in possession of the land, the action of the jury in laying out the route would give actual notice to him of the proceedings.

Entertaining these views, we do not find any error in the order of the board of police, and, therefore, affirm the same.