THE UNION PACIFIC RAILWAY COMPANY, APPELLANT,
v. THE BURLINGTON & MISSOURI RIVER RAILROAD
COMPANY IN NEBRASKA ET AL., APPELLEES.

Municipal Corporations: ASSESSORS OF DAMAGES. It is the true sense and meaning of the proviso to subdivision 28 of section 69, chapter 14, Compiled Statutes, that before the election of the five disinterested householders therein provided for, an ordinance should be passed, approved, and published, according to law, *prescribing* the manner of such election and the compensation of such householders as assessors; and it is not sufficient that such householders be appointed in gross by ordinance, without such method being prescribed.

APPEAL from the district court of Buffalo county. Tried below before GASLIN, J.

*A. J. Poppleton* and *John M. Thurston,* for appellant.

*T. M. Marquett* and *J. W. Deweese,* for appellees.

COBB, J.

This action was brought in the district court by the appellant against the appellees for the purpose of enjoining

the erection of a stone grain elevator, then in course of con-
struction by the individual appellees, on ground claimed
by the corporation appellee, but which had been formally,
at least, taken by the city of Kearney for the purpose of a
street. The plaintiff was a large owner and holder of prop-
erty in said city, some of which abutted on the said street.
A temporary injunction was granted; but upon the final
trial and hearing to the court a finding was made and
judgment rendered for the defendants, and the cause dis-
missed. The plaintiff brings the cause to this court by
appeal.

In support of the finding and judgment of the district
court several points are presented, but one which it is
deemed necessary to discuss in support of the conclusion
to which I have arrived upon a somewhat patient and
thorough examination of the case.

The ordinance of the city of Kearney, upon which the
proceedings for the condemnation of the ground in question
were based, was copied in the record and is here repro-
duced:

" AN ORDINANCE TO OPEN NEBRASKA AVENUE.

" *Be it ordained by the Mayor and Common Council of the
City of Kearney*:

"Section 1. That it is hereby deemed to be and it is
necessary to open and extend Nebraska avenue, a street
now existing and being in said city, from the north line of
North Railroad street to the south line of South Railroad
street in said city.

" Section 2. That for that purpose the following real
estate be and the same is hereby condemned and appropri-
ated to the use of said city as a street for public purposes,
to-wit, a strip of land fifty feet in width, bounded as fol-
lows:

" Commencing at the point where the east line of Ne-
braska avenue intersects the north line of North Railroad
street, thence south to the south line of South Railroad

street, thence west fifty feet (50), thence north to the north line of North Railroad street, thence east fifty feet (50) to the place of beginning.

"Section 3.   That John H. Roe, J. D. Seaman, George E. Smith, Abiel M. Pettis, W. C. Sunderland, all citizens of the city of Kearney, five disinterested householders of said city of Kearney, be and they are hereby elected to determine by assessment the damages suffered by the owner or owners of said property through which the said street is hereby opened and extended.

"Section 4.   Said assessors so appointed shall fix a time and place of meeting to make such assessment, and the city clerk shall give to the owners of real estate taken for opening said street at least ten days' notice in writing of the same. Said notice may be served upon the agent of any corporation owning any part of said real estate.   Said assessors before making said assessment shall subscribe and take an oath in writing that they will faithfully and impartially make the assessment to them submitted.

"Section 5.   Said assessors shall make their assessments in writing, and file the same in the office of the city clerk, together with an affidavit of the due and lawful publication of this ordinance, and an affidavit of the service of the notice hereinbefore provided for upon the owners of said property so taken, or their agents, and the city clerk shall forward to the county clerk a duly certified copy thereof.

"Section 6.   The mayor shall tender to the owner or owners of said property, or their said agents, the amount of the assessments so made, and thereupon said street shall be and become open to the public.

"Section 7.   All ordinances or parts of ordinances in conflict herewith are hereby repealed.

"Section 8.   This ordinance shall take effect and be in force from and after its passage and publication.

"Attest:                              E. M. CUNNINGHAM,
                                              "*City Clerk.*"

The authority on the part of the city to condemn and appropriate private property for the purpose contemplated by said ordinance is found in subdivision 18 of section 69 of chapter 14, of the Compiled Statutes, which is in the following language. I quote only the proviso : " *Provided*, That in all cases the city or village shall make the person or persons whose property shall be taken or injured thereby, adequate compensation therefor, to be determined by the assessment of five disinterested householders, who shall be elected and compensated as may be prescribed by ordinance, and who shall in the discharge of their duties act under oath faithfully and impartially to make the assessment to them submitted."

The point is that the five householders who made the assessment of the compensation to the owners of the property taken by virtue of the said ordinance were not elected in a manner prescribed by ordinance, and hence the proceedings of the city were ineffectual to appropriate the said property. This is a bill in equity to enforce such condemnation against the acknowledged owner of the fee. It will not be questioned that under the authorities, as well as upon the reason of the case, a condemnation and appropriation to be thus enforced must be *stricti juris*. See Mills on Eminent Domain, § 90, and authorities there cited. It is not sufficient that the jury or appraisers were possessed of all the qualifications provided by law, but they must have been elected in the manner provided by the statute authorizing the appropriation. It is obvious from the language of the proviso above quoted that it was the intention of the law-makers to provide that before the election of the five disinterested householders to assess the adequate compensation to the owners of property taken, or injured, for the purpose contemplated by the said section an ordinance should be passed by the city council, approved by the mayor, and published in accordance with the provision of the charter on that subject, providing a

form, method, and manner for the election of such five dis-
interested householders, and for ascertaining and fixing
their compensation for their services in making such assess-
ment.   The well-known rule that in construing a statute
some force and meaning must be accorded, if possible, to
all of its words and sentences, has been often invoked by
this court, and cannot be questioned.   Bearing this rule in
mind I cannot believe that the purpose of the proviso is
satisfied by an election or designátion of such householders
without any previous rule or *prescribed* manner or method
by which they should be elected and compensated.   Fur-
thermore, I do not think that the naming or designating
of a person or number of persons in the body of an ordinance,
embracing other and independent provisions, is an election
within the meaning of the section now under consideration.

It is of the very essence of an election by independent
voters that each one shall have an opportunity to vote for
the candidate or person of his choice without having his
vote so cast also counted for some one not his choice, or
for some measure not approved by him.   In the matter
now being considered it is quite reasonable to conclude,
indeed it is quite obvious, that the main questions involved
in the passage of the ordinance by the common council
were the opening of the street and the appropriating of
defendant's property therefor ; the naming of the persons
to assess the value of and damages to the property to be
appropriated was the minor proposition, yet I believe it
was deemed by the framers of the provision of law now
being considered a matter of sufficient importance to en-
gage the attention of the common council, not only as a
major but as the sole proposition on which to exercise its
power of election, and that, too, after having previously
passed an ordinance providing for or *prescribing* the method
of such election.

While considering the proviso above quoted we should
not lose sight of the word *compensated.*   It is very clearly

to my mind the intent and meaning of the language that the compensation or pay of the assessors should be pre-scribed, fixed by ordinance, before entering upon the dis-charge of their duties by them. The assessor should be entirely impartial between the city and the property owner; to this end the power to fix the amount of their compen-sation for their services should not be allowed to remain potential in the city or counsel until after the services are performed. Such amount or rate to be fixed high or low as the city officers might be pleased or displeased with the valuation of the property or assessment of damages made by such assessors. This construction gives to the language of the section a clear and reasonable meaning. I know of none other which would.

I therefore reach the conclusion that the proceedings on the part of the city of Kearney, as shown by the rec-ord, in respect to the election of five disinterested house-holders to determine by assessment the adequate compensa-tion to be made to the owners of property to be taken or damaged by reason of the opening of said street, did not follow the statute strictly, and hence that the plaintiff as a property-holder of said city acquired no right, either legal or equitable, to restrain by injunction the erection of the grain elevator mentioned in the petition.

Having reached the above conclusion, which, if correct, will sustain the finding and judgment of the district court, it is not deemed necessary to examine the other points raised by counsel and argued in the brief.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.