MURDOCK *v.* CITY OF CINCINNATI *et al.*

(*Circuit Court, S. D. Ohio, W. D.* September 24, 1889.)

MUNICIPAL CORPORATIONS—ASSESSMENT—NOTICE.

> A special assessment without notice to the property owner and opportunity to be heard is wanting in "due process of law," though neither the city nor state laws require such notice, and its enforcement will be enjoined.

In Equity. Application by James Murdock, Jr., for a preliminary injunction restraining the board of public affairs of the city of Cincinnati from enforcing a special assessment.

*Rankin D. Jones,* for complainant.

*Theo. Horstman,* for defendant.

JACKSON, J. In this cause, now before the court on application for a preliminary injunction, it appears from the allegations of the bill that complainant has had no notice of, nor any opportunity to be heard in

relation to, the assessments made by the board of public affairs of Cincinnati against his several lots described in the bill; that no provision was made in any of the ordinances or resolutions or acts of said city of Cincinnati, or of its officers or boards, giving to property owners the right and opportunity to be heard in respect to the amount of the special assessments complained of; and that no such provision (as complainant alleges) exists in any of the laws of the state applicable to said city and the assessments in question. Under such circumstances the court is of the opinion, in conformity with its holding in the case of *Scott* v. *City of Toledo,* 36 Fed. Rep. 385, that the assessments made against complainant's lots are wanting in "due process of law," and that, upon the showing presented by the bill, an order should be granted restraining the city of Cincinnati, its officers and agents, from enforcing, or the taking of any steps to enforce, the assessments complained of until the further order of this court herein. This temporary restraining order is in no way to interfere with the rights of the city of Cincinnati or of its board of public affairs to make a reassessment against complainant's lots, on account of the improvements referred to in the bill, in any proper and lawful manner, which will afford him notice of, or an opportunity to be heard in respect to, such reassessment. Nor is the restraining order, now granted upon the case, made by the bill alone to preclude the city of Cincinnati from answering and disputing the allegations of the bill, or from showing that complainant has waived his right to notice of, or opportunity to be heard in respect to, said assessments.

Should the city of Cincinnati, after full opportunity to contest the truth of the objections presented by the bill to the validity of the assessments complained of, fail or decline to do so, then complainant may renew his motion for a preliminary injunction. If, however, the city should answer and controvert the case made by the bill, the restraining order may, upon its motion, be discharged. A restraining order as above indicated and directed will be issued by the clerk of this court to the defendants.