ELVIRA F. COOK, PROSECUTOR, v. THE BOROUGH OF ALLENDALE.

GEORGE COOK, PROSECUTOR, v. THE BOROUGH OF ALLENDALE.

DAVID NAUGLE ET AL., PROSECUTORS, v. THE BOROUGH OF ALLENDALE.

Submitted December 3, 1909—Decided March 15, 1910.

Section 92 of the Borough act of 1897 (*Pamph. L., p.* 285) provides that no writ of *certiorari* shall be allowed to set aside any assessment for a street improvement after thirty days shall have elapsed from the date of the confirmation of such assessment by the council, it being *held,* that the Borough act is constitutional in respect of the provisions empowering council to pass an ordinance for the widening and straightening of a street, and empowering council to appoint commissioners for the assessment of damages and benefits, and empowering council to modify or confirm the report of the commissioners; further *held,* that a writ of *certiorari* applied for after the expiration of the statutory period of thirty days will be refused.

On rule to show cause for allowance of *certiorari*.

Before Justices REED, BERGEN and MINTURN.

For the prosecutors, *Doremus & Lecour*.

For the defendants, *Jacob W. De Yoe*.

The opinion of the court was delivered by

REED, J.   This is a rule to show cause why three writs of *certiorari* should not be allowed to review the proceedings taken by the borough of Allendale to condemn property for the purpose of widening and straightening West Allendale avenue.

One of these writs is asked for by David Naugle et al., who own plots of land fronting on West Allendale avenue. The other two are asked for—one by George Cook and the other by Elvira T. Cook, his wife, each of whom is the owner of a plot of land on West Allendale avenue, these plots adjoining.

The proceedings to condemn were taken pursuant to the Borough act of 1897 (*Pamph. L., p.* 285), and the supplement thereto.   They were taken by a petition signed by twenty-four freeholders and residents of the borough, which petition, with a map of the improvements proposed and lands to be taken, was presented to the borough council, upon which an ordinance was introduced authorizing said improvements, which ordinance passed its first reading on the night of its introduction, and February 17th, 1908, was fixed for the hearing of objections.   Notice of the hearing was given.   At the hearing no objections were presented, and the ordinance was duly passed.

It is admitted that the proceedings were regularly taken under the provisions of the Borough act, sections 33, 57 *et seq.*   It is admitted that a notice of a meeting of the commissioners to make assessments was duly given, a meeting of the commissioners held, and that the commissioners certified their assessment to the borough council; that the assessment

was considered by the council upon two weeks' previous notice duly given, and that the report of the commissioners was adopted and confirmed by the council on December 29th, 1908.

On May 10th, 1909, a rule was allowed by a justice of this court that the borough should show cause why writs of *certiorari* should not be allowed in the three cases, and a hearing of this rule came on at the November term of this court last.

It thus appears that the applicants for the writ delayed their respective applications for the writs from December 29th, 1908, until May, 1909, a period of over four months. They are, therefore, now confronted by the provisions of section 92 of the Borough act, which section enacts that: "No *certiorari* * * * shall be allowed * * * to set aside any assessment made for any sewer or street improvement of any kind, after thirty days shall have elapsed from the date of the confirmation of such assessment by the council."

That the legislature has the ability to reasonably limit the period within which a writ of *certiorari* shall be applied for or allowed, is entirely settled. *Traphagen* v. *Township of West Hoboken,* 10 *Vroom* 232; *affirmed,* 11 *Id.* 193; *Kirkpatrick* v. *Commissioners,* 13 *Id.* 510; *Schulting* v. *City of Passaic,* 18 *Id.* 273; *Tusting* v. *Asbury Park,* 44 *Id.* 102.

That thirty days is not an unreasonably restrictive period, is also settled. *Kirkpatrick* v. *Commissioners, supra; Rosell* v. *Neptune City,* 39 *Vroom* 509; *Traphagen* v. *Township of West Hoboken, supra.*

The exception to the general power of the legislature to limit the period is where the law which provides for the assessment is unconstitutional. *Kirkpatrick* v. *Commissioners, supra; Speer* v. *Essex Road Board,* 18 *Vroom* 105; *United New Jersey Railroad Co.* v. *Gummere,* 40 *Id.* 111.

These cases hold that the unconstitutionality must exist in the statutes themselves, and that if the statute is constitutional, an unconstitutional method of exercising the power conferred by the statute cannot be reviewed by a writ of *cer-*

*tiorari* not applied for within the time limited by the statute.

It is insisted that the Borough act is unconstitutional in three particulars—*first,* because it permits the borough council to say when an improvement shall be made and land shall be taken for this purpose; *second,* because the act empowers the borough council to appoint or elect the commissioners to make the assessments; *third,* because the borough council is empowered to modify or affirm the report of the commissioners.

As to the first ground of attack, namely, that the legislature has empowered the council to pass an ordinance authorizing such an improvement, it is sufficient to say that the legislature can initiate such a movement for public purposes, or delegate that power to the municipal council to do the same.

Second, the power put into the hands of the common council of a municipality to appoint commissioners to make assessments has always existed in this state unchallenged. Section 52 of the Borough act provides that "it shall be lawful to appoint three discreet persons resident and freeholders in the borough, to be commissioners of assessments * * *. If any of the commissioners shall be interested in the matter of any assessment, the council shall appoint some discreet and impartial freeholder, resident in said borough, to act in regard to such assessment in lieu of the commissioner interested therein." The statute, therefore, provides that the commissioners to act shall be disinterested; and if it can be shown that anyone who does act is interested, the assessment is voidable upon diligent attack. The statute is not unconstitutional for placing the authority to select the commissioners in the hands of the borough council on the ground that such council is a party interested. If unconstitutionality could be based upon that ground, then every statute that permits a sheriff to draw a jury to sit in a case where the county is condemning land, or is otherwise interested; or a statute which permits a juror to sit in a case the result of which may affect the taxpayers of his county,

would be unconstitutional. Such a rule would invalidate the thirty-ninth section of the Jury act (*Gen. Stat., p.* 1852), which has stood unchallenged for sixty years. It has been held that the interest of a taxpayer has by long usage been regarded as too remote. *Bowker* v. *Wright,* 25 *Vroom* 130, 134.

The validity of the provision for appointing commissioners by a council was impliedly recognized in *Hendrickson* v. *Point Pleasant,* 36 *Vroom* 535. Commissioners were so appointed by the mayor and council under the Borough act as appears in the case of *Raymond* v. *Rutherford,* 26 *Id.* 441, and was held regular upon a former unreported decision mentioned in the opinion in the last-cited case.

Indeed, the appointment of commissioners by municipal legislators has been of long and unquestioned usage. *State* v. *Hudson,* 5 *Dutcher* 104; *State* v. *City of Hudson,* 9 *Vroom* 163; *State* v. *Passaic,* 13 *Id.* 524.

There is no substance in the second ground taken against the constitutionality of the Borough act.

The third point is that the council is itself an interested body, and has the power of final adjudication upon the report of the commissioners; but the interest of members of council in assessing damages is no greater than that of the members of the commission. All are presumed to be taxpayers, and so remotely interested. Merely because one or all voted for the improvements does not disqualify them from acting disinterestedly upon the question of the amount of damages or benefits accruing to individuals from the improvements; and, as already mentioned, if there exists any special interest in the result of the assessments, that member of the council so interested is excluded from participation in the action of the council. There is no substance in that point.

The charter, in respect of assessments, does not violate any provision of our state constitution; nor is there any substance in the contention that the charter in this respect violates any provision of the federal constitution. *Hibben* v. *Smith,* 191 *U. S.* 310.

We would consider the merits of the application for the writs, had the prosecutors not been barred by the provision

of section 92 of the Borough act; and the writs are disallowed solely upon the ground that they were not applied for within the thirty days from the date of the confirmation of the assessments.