ST. VINCENT'S CHURCH, MADISON, A CORPORATION, PROSECUTOR, v. COUNCIL OF THE BOROUGH OF MADISON, SAMUEL G. WILLETS, CLERK, AND F. IRVING MORROW, COLLECTOR OF TAXES.

Submitted July 3, 1913—Decided January 8, 1914.

To warrant an assessment for the construction of a sewer. the property must be capable of a present appreciable benefit, by direct connection with such sewer, and proof of inability to connect with it. and that the waters will not by it be carried off, avoid such inference.

On *certiorari.*

The prosecutor owns a tract of land in Madison, Morris county, having a three hundred and fifty feet front on Green Village road. It has an average depth of five hundred feet, but is separated from Wilmer street by a tract of land one foot in width, owned by Alice L. Green. Over this strip of one foot the prosecutor has no easement or right.

In March, 1912, the borough of Madison directed the commissioners of assessment to make "a just and equitable assessment" for the purpose of constructing a sewer in Wilmer street. The preliminary steps being observed, they filed their report dated April 30th, 1912, and included therein an assessment against St. Vincent's Church, the prosecutor, for $264, designated in the report as "Wilmer street-east side" portion of prosecutor's property. The report alleges that the sums assessed do not "exceed the benefits which the said lands and each of the said owners are deemed by us to have derived from said improvements," and that they have made a "just and equitable assessment." The property covered by the assessment has a frontage on Green Village road, but has no frontage on Wilmer street.

On the Wilmer street portion a parochial school is in progress of erection, and the sexton's house stands upon it which is sewered by pipes running through the land of the public school of Madison, and it is planned to connect the parochial school with these pipes.

The common council referred the report to a special committee, and on its return confirmed it. No testimony has been brought out that the lot has not been benefited, the prosecutor relying wholly upon the fact that it does not touch Wilmer street.

Before Justices SWAYZE, BERGEN and VOORHEES.

For the prosecutor, *King & Vogt.*

For the defendants, *Charles A. Rathbun.*

The opinion of the court was delivered by

VOORHEES, J. The defendants object to the writ because allowed too late, under section 92 of the Borough act. It appears that the application for the writ was upon a rule to show cause, dated November 21st, 1913, and under *Cook* v. *Allendale,* 50 *Vroom* 285, was within the statutory period.

The fact that the land in question is non-assessable for a sewer in Wilmer street is the reliance of the prosecutor who, with other cases, cites as sustaining this position *Morris* v. *Bayonne,* 24 *Vroom* 299. This case announces the old rule that there must be ground of a present appreciable benefit conferred, and that upon proof shown to the contrary that the sewer cannot be connected and that surface water is not carried from the land, the conclusion follows that no benefit is conferred. See also, as to this rule, *New Jersey Railroad and Transportation Co.* v. *Elizabeth,* 8 *Id.* 330; *Kellogg* v. *Elizabeth,* 11 *Id.* 274; *Henderson* v. *Jersey City,* 12 *Id.* 489; *King* v. *Reed,* 14 *Id.* 186; *McKevitt* v. *Hoboken,* 16 *Id.* 482; *Matter of Drainage Along Pequest River,* 10 *Id.* 433.

We are referred by the defendants to section 58 of the Borough act. 1 *Comp. Stat., p.* 261. But I do not read it as changing the rule long settled by our courts, or as advancing reasons why it should be deemed to have been changed. The assessment was confirmed against the written objection filed by the church.

By way of argument the defendants assert that the case of *Allison Land Co.* v. *Tenafly,* 39 *Vroom* 205, does away with the older ideas, and upholds an assessment which might confer a benefit. That was a matter of street opening, different in its qualities from a sewer extension, and one into which benefits might be involved, although not a boundary to the property in question. It is not applicable to the present controversy.

Our Court of Errors and Appeals in *Newark* v. *Hatt,* 50 *Vroom* 548, held that the closing of a street, a block away from the property in question could be assessed against such property, but it inheres in an improvement quite different

from that involved in levying an assessment against property to be benefited by a sewer.

The record of the present case discloses that an assessment had before this been made on Green Village road; that that assessment, however, had been paid. A parochial school had been erected on the church lot, but it could not be sewered to Green Village road on account of the grade, so to overcome the difficulties they made the assessment to Wilmer street, after comparing the property adjoining, and in the neighborhood, and its uses and benefits.

It is plain, however, that the affidavit and return to the writ of *certiorari* shows that "Wilmer street-east side, plate 12-St. Vincent's church $264," was an assessment on account of a sewer constructed in Wilmer street which was entirely cut off from the lot in question, and because of being so cut off, became unassessable for any benefits deemed to have been conferred upon the lot in question.

I am clearly of opinion that to warrant an assessment for the construction of a sewer the property must be capable of a present appreciable benefit, by direct connection with such sewer, and proof of inability to connect with it, and that the waters will not by it be carried off, avoid such inference. Therefore, a reversal of this assessment must ensue.

