(February 7, 1914.)

## BENJAMIN THOMAS, Respondent, v. BOISE CITY, a Municipal Corporation, et al., Appellants.

### [138 Pac. 1110.]

EMINENT DOMAIN—MUNICIPALITY—POWER IN PROCEEDINGS TO CONDEMN REAL PROPERTY OF A PERSON OR ANY CORPORATION OR ANY TITLE TO REAL PROPERTY—DUE PROCESS OF LAW—CONSTITUTIONALITY OF STATUTES AND MUNICIPAL ORDINANCES ENACTED BY THE CITY—POWER OF MAYOR TO ADMINISTER OATHS TO OFFICERS OR APPRAISERS OR COMMISSIONERS APPOINTED BY THE MAYOR OR THE CITY COUNCIL.

1.   Sec. 14, art. 1 of the constitution of Idaho provides: "Private property may be taken for public use, but not until a just compensation, to be ascertained in a manner prescribed by law, shall be paid therefor."

2.   Sec. 14, art. 1, above, applies to the case that is decided in this opinion, and there can be no question of its application.

3.   It is contended in this case that the only oath administered to the appraisers was by the mayor, and that he had no authority to administer oaths in such cases.   The appellant was unable to find any provisions in the constitution or the statute which show that the mayor has power or authority to administer oaths such as was done in this case.   We hold, therefore, that the mayor of Boise City was not authorized to qualify the appraisers elected by the mayor and council by administering an oath or affirmation to them, as he did in this case, and that he has authority to administer oaths and affirmations only when authorized by the constitution or by statute.

4.   In a case relating to eminent domain proceedings a right of appeal may be taken, while in the case at bar it is confessed by the appellant there is no right of appeal; hence there is a distinction

between the two cases, in that the proceedings in the former case are voidable by an' appeal, in this case void, there being no appeal.

5. Ordinance No. 1076 fixes the qualification of appraisers as "freeholders," while in subd. 27, sec. 2238, Rev. Codes, "holder" was provided as a qualification; hence the proceedings of the city were ineffectual to appropriate the real estate in controversy in this case; therefore the city in its ordinance did not comply with the statute, even if it was unconstitutional, and the city has not shown in this case either legal or equitable right to have the judgment reversed, or that it should have been entered in favor of the appellant.

6. In this case the record shows clearly that no notice was issued by the appraisers, the mayor or the council to the respondent, that the city would proceed to secure respondent's real estate for the use of the public, and that the swearing of the appraisers by the mayor when he had no authority and the passage of Ordinance No. 1076 were not due process of law, and that the respondent was denied due process of law where a city is proceeding to acquire private rights for public use, and that such proceedings cannot be approved under the constitution and statutes of this state.

7. Sec. 2238, Rev. Codes, subds. 26 and 27, provides no method for condemning real property to public use under art. 1, sec. 14 of the constitution of this state, and therefore has no force in the proceedings in this case, because there is no provision in either subdivision of the section, or any other provision, that provides for the condemnation proceedings attempted to be enforced as shown by the record in this case.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

An action brought in the district court by the respondent against Boise City, a municipal corporation. *Affirmed.*

C. F. Reddoch, for Appellants.

Subdivisions 26, 27, sec. 2238, Rev. Codes, seem to be identical with and were apparently copied from Nebraska. The proceedings taken by the city are in harmony with that outlined as necessary by the Nebraska court in *Union Pac. Ry. Co. v. Burlington & M. R. R. Co.*, 19 Neb. 386, 27 N. W. 238.

The fact that the city council is vested with power to appoint the appraisers does not deprive the respondent of any substantial right. (*Cook v. Borough of Allendale*, 79 N. J. L.

285, 75 Atl. 769.)   Lewis on Eminent Domain, sec. 564, vol. 2, 3d ed., collates the cases holding that no notice need be given in eminent domain proceedings.   In this classification he enumerates the states of Illinois, Maryland, Mississippi, and Massachusetts as holding to this view.   (*Johnson v. Joliet & Chicago R. Co.,* 23 Ill. 202; *New Orleans etc. R. Co. v. Hemphill,* 35 Miss. 17; *Stewart v. Board of Police of Hinds County,* 25 Miss. 479; *Inhabitants of Walpole v. Massachusetts Chemical Co.,* 192 Mass. 66, 78 N. E. 140; *Lancy v. City of Boston,* 185 Mass. 219, 70 N. E. 88; *Secombe v. Milwaukee & St. P. Ry. Co.,* 90 U. S. 108, 23 L. ed. 67.)

The ordinance declaring the intention to appropriate this land for street purposes was published in the "Idaho Daily Statesman," the official newspaper of the city, and the respondent certainly had constructive notice of the proceedings. (*Wulzen v. Board of Suprs.,* 101 Cal. 15, 40 Am. St. 17, 35 Pac. 353.)

His appearing and taking part in the proceedings is certainly a waiver of any right to notice.   (*Hanson v. Cloud County,* 8 Kan. App. 857, 55 Pac. 468; *Condon v. County Commrs.,* 89 Me. 409, 36 Atl. 626; *Anderson v. Town of Decoria,* 74 Minn. 339, 77 N. W. 229; *Hurst v. Town of Martinsburg,* 80 Minn. 40, 82 N. W. 1099.)

This is not a local or special law within the constitutional provision, and is not prohibited thereby.   (*Hettinger v. Good Road Dist. No. 1,* 19 Ida. 313, 113 Pac. 721; *Boise Irr. Co. v. Stewart,* 10 Ida. 38, 77 Pac. 25, 321.)

It is most certain that "householders" was intended to be used by the legislature, if we take the Nebraska statute as a guide, and our statute must have been copied from that state, as they are identical, except that ours says, "disinterested holders," and Nebraska "disinterested householders," and it is a well-established canon of statutory construction that the courts will supply an omission where the legislative intent is plain, when by so doing the statute can be upheld.   (*Neacy v. Board of Suprs.,* 144 Wis. 210, 128 N. W. 1063; *State v. Radford,* 82 Kan. 853, 109 Pac. 284.)

The courts will not declare an act of the legislature void and inoperative unless it appears unconstitutional beyond all reasonable doubt, and where two meanings can be given to a word or phrase, that meaning will be given which will give effect to the legislative intent. (*Wooley v. Watkins,* 2 Ida. 590 (555), 22 Pac. 102; *Ogden v. Saunders,* 12 Wheat. (U. S.) 213, 6 L. ed. 606.)

B. F. Neal, for Respondent.

The appraisers in this case were not elected in the manner prescribed by the statute, but in a manner in violation of the provision of the statute. (*Union Pac. Ry. v. Burlington & M. Ry. Co.,* 19 Neb. 386, 27 N. W. 238.)

The mayor is without authority to administer oaths in such cases. (Lewis on Eminent Domain, 3d ed., sec. 629; 29 Cyc. 1300; *Payne v. San Francisco,* 3 Cal. 122; *Latah County v. Hasfurther,* 12 Ida. 797, 88 Pac. 433.)

The last case was a proceeding to open a road under the general statutes of the state relating to eminent domain in which a right of appeal is specifically given; while in the case at bar it is confessed by the appellants there is no right of appeal. Hence there is a distinction between this case and that; in that the proceedings are voidable by an appeal, in this void, there being no appeal. (Lewis, Em. Dom., 3d ed., secs. 629, 630.)

"If facts are submitted to the tribunal it should be done in some legal method and the opposing party should be allowed an opportunity to hear and meet them." (Elliott, Roads and Streets, 2d ed., sec. 347; Lewis, Em. Dom., 3d ed., sec. 566.)

The Nebraska statute, from which ours was taken, prescribes the qualifications of appraisers as "disinterested householders." The appellants procured appraisers who were "disinterested freeholders."

The distinction between "householders" and "freeholders" is clearly defined. (*Shively v. Lankford,* 174 Mo. 535, 74 S. W. 835, 838, citing *Carpenter v. Dame,* 10 Ind. 125.)

Since the statute says neither "freeholder" nor "house-holder," but merely "holders," who shall determine what word was omitted?

"Where matter interpolated into a statute to make it valid comprises the real substance of the act, the court is not authorized to make such interpolation." (*Holmberg v. Jones,* 7 Ida. 752, 65 Pac. 563; *Hettinger v. Good Road Dist. No. 1,* 19 Ida. 313, 113 Pac. 721.)

If no sensible meaning can be given to the statute, or if it is so incomplete that it cannot be carried into effect, it must be pronounced inoperative and void. (Lewis' Sutherland, Stat. Const., sec. 86; *State v. Ashbrook,* 154 Mo. 375, 77 Am. St. 765, 55 S. W. 627; *Cook v. State,* 26 Ind. App. 278, 59 N. E. 489. See further cases cited sec. 86, Lewis' Sutherland, Stat. Const.)

The statute does not provide for due process of law, because no provision is made for notice and process or for hearing according to the laws of the land. (Elliott, Roads and Streets, 2d ed., secs. 194A, 279, 429; *Murdock v. Cincinnati,* 39 Fed. 891; *Chauvin v. Valiton,* 8 Mont. 451, 20 Pac. 658, 3 L. R. A. 194; *Allen v. Jones,* 47 Ind. 438; *Barrow v. Page,* 5 Hayw. (Tenn.) 97; *Chicago etc. R. Co. v. Town of Lake,* 71 Ill. 333; *Phillips v. Dunkirk etc. Co.,* 78 Pa. 177; *Dyckman v. Mayor, etc.,* 5 N. Y. 434; *Dronberger v. Reed,* 11 Ind. 420; *Brunswick etc. R. Co. v. City of Waycross,* 94 Ga. 102, 21 S. E. 145.)

"If no notice is provided by law, no effective notice can be given, since a notice not authorized can have no legal force, and without a notice authorized by some valid statute there can be no due process of law." (Elliott, Roads and Streets, 2d ed., sec. 198; *Stuart v. Palmer,* 74 N. Y. 183, 30 Am. Rep. 289; *Remsen v. Wheeler,* 105 N. Y. 573, 12 N. E. 564; *Matter of City of Brooklyn,* 87 Hun, 54, 33 N. Y. Supp. 869; *Johnson v. Joliet etc. R. Co.,* 23 Ill. 202; *Garvin v. Daussman,* 114 Ind. 429, 5 Am. St. 637, 16 N. E. 826; *Kuntz v. Sumption,* 117 Ind. 1, 19 N. E. 474, 2 L. R. A. 655; *State v. Fond du Lac,* 42 Wis. 287; *Whiteford v. Probate Judge,* 53 Mich. 130, 18 N. W. 593.)

"A statute which does not provide for notice is invalid." (Lewis, Em. Domain, 3d ed., sec. 569; *Savannah etc. R. R. Co. v. Savannah,* 96 Ga. 680, 23 S. E. 847; *Stillwater Board of Ed. v. Aldridge,* 13 Okl. 205, 73 Pac. 1104; *Hood River L. Co. v. Wasco Co.,* 35 Or. 498, 57 Pac. 1017; *Seifert v. Brooks,* 34 Wis. 443; *Sterritt v. Young,* 14 Wyo. 146, 116 Am. St. 994, 82 Pac. 946, 4 L. R. A., N. S., 169; *Whiteford v. Probate Judge,* 53 Mich. 130, 18 N. W. 593; *Ayres v. Richards,* 38 Mich. 214; *Kramer v. Cleveland & Pittsburg R. R. Co.,* 5 Ohio St. 140; *Leffingwell v. Lane County,* 64 Or. 144, 129 Pac. 538, 540.)

Where the statute does not provide for notice, an appearance does not cure the defect. (Lewis' Eminent Domain, sec. 580; *Hood River L. Co. v. Wasco Co., supra; Leffingwell v. Lane Co., supra; Stuart v. Palmer, supra; Jenks v. Stump,* 41 Colo. 281, 124 Am. St. 137, 93 Pac. 17, 14 Ann. Cas. 914, 15 L. R. A., N. S., 554, and note; *Sterritt v. Young, supra.*)

The legislature cannot dispense with personal service of summons in actions to quiet title or to settle private adverse rights to property when personal service is practicable and is usual under the general laws of the state. (*Bear Lake Co. v. Budge,* 9 Ida. 703, 108 Am. St. 179, 75 Pac. 614; *Hettinger v. Good Road Dist. No. 1,* 19 Ida. 313, 113 Pac. 721.)

"Due process of law when applied to judicial proceedings means a course of legal proceedings according to those rules and principles which have been established by our system of jurisprudence for the protection and enforcement of private rights." (*Eagleson v. Rubin,* 16 Ida. 92, 101, 100 Pac. 765; *Pennoyer v. Neff,* 95 U. S. 714, 24 L. ed. 565; *In re McPhee's Estate,* 154 Cal. 385, 97 Pac. 878; *Case v. Noyes,* 16 Or. 329, 19 Pac. 104; 8 Cyc. 1095; Lewis, Em. Dom., secs. 566, 567.)

The statute is unconstitutional in that it is a local and special law and in contravention of the provisions of sec. 19, art. 3, as providing for the opening of streets by means of special law. (Lewis' Sutherland, Stat. Const., 2d ed., secs. 197, 199, 200; *Northern Pac. R. R. v. Barnes,* 2 N. D. 310, 341, 51 N. W. 386; *State v. Nelson,* 52 Ohio St. 88, 39 N. E. 22, 26 L. R. A. 317; *Lippman v. People,* 175 Ill. 101, 51 N. E. 872; *Budd v.*

*Hancock,* 66 N. J. L. 133, 48 Atl. 1023; *State v. Cooley,* 56 Minn. 540, 58 N. W. 150; *Rodge v. Kelly,* 88 Miss. 209, 117 Am. St. 733, 40 So. 552, 11 L. R. A., N. S., 635; *Harper v. Galloway,* 58 Fla. 255, 51 So. 226, 19 Ann. Cas. 235; *Board of Education v. Alliance Assur. Co.,* 159 Fed. 994.)

STEWART, J.—This action was brought in the district court of the third judicial district in and for the county of Ada. The respondent in his complaint alleged that Boise City is a municipal corporation of the first class, organized by virtue of the general laws of the state relating to cities of the first class, and is in Ada county, Idaho; that the defendant, Arthur Hodges, is mayor, and John A. Davis, A. V. Eichelberger, Edward Herrington and Thomas Finnegan are all of the members of the common council of said city, and that Thomas Finnegan is the officer who has charge of the streets and alleys of Boise City; that the plaintiff is the owner and in possession of certain real estate described in the complaint; that on the 7th day of June, 1913, the mayor and city council of Boise City claim to have passed and approved Ordinance No. 1076, which is in the record, and which is in controversy in this action, and which will be dealt with in this opinion; that after said ordinance had been passed and approved, on the 15th of June, 1913, the mayor and city council named William G. Messersmith, Ira E. High, L. W. Grubb, Mark Leonard and George W. Smith as a board of appraisers to appraise said property above mentioned and make due report of their findings in that behalf to the mayor and city council; that the persons so appointed by the mayor and council, after such appointment, returned to the mayor and council their findings in writing as to damages found by them to have been incurred by the plaintiff on account of the taking of each of the tracts of land described in this action, as follows: Tract No. 1, $669.33; Tract No. 2, $916.97; Tract No. 3, $37.11; that thereafter the mayor and city council passed and approved Resolution No. 245, which is made a part of the complaint, and thereby proposed to take for the uses of the city Tract No. 1 and Tract No. 3 referred to above and in

Ordinance No. 1076; that on the 18th day of July plaintiff received a letter or notice by mail, a copy of which is made a part of the complaint; that the plaintiff has not been paid any of the moneys referred to, nor has any other person to his use or benefit, and that the plaintiff declines and always has declined to receive the same or any part thereof. . Plaintiff further shows that the defendants claimed to take said property for public purposes under alleged eminent domain proceedings claimed to have been had under and by virtue of the provisions of subd. 27 of par. 15 of sec. 2238 of the Rev. Codes of Idaho, as amended by chap. 81 of the Laws of 1911, pp. 266, 278, 279. Plaintiff further alleges that the provisions of the statute referred to are unconstitutional and void, in that neither said provisions nor any other provisions of the law relating to cities of the first class provide for due process of law in that:

(a) There is no provision for the service of process upon the person or persons whose property is sought to be taken.

(b) There is no provision for hearing on the question of the damages incurred by the person whose property is sought to be taken in said act.

(c) Said act is void for uncertainty in that it cannot be determined therefrom whether the five persons who are to determine and assess the adequate compensation prescribed in said ordinance No. 1076 are required to be freeholders or are required to be householders, and is in fact wholly unintelligible as to the requirements in that behalf, and in that it contains no requirement of process.

(d) Personal notice was not given to the plaintiff of the intention to take the plaintiff's property in said or any proceedings, nor is such or any notice provided by statute, or otherwise, or at all.

(e) Said board of appraisers is not and was not an impartial board, in that plaintiff was not given notice of intention to appoint or permitted to participate, or object thereto.

(f) The particular assessment pretended to be made is void in that:

(1) Said appraisers were not sworn faithfully and impartially to make the assessment to be submitted to them, or otherwise, or at all.

(2) Said appraisers did not swear or cause witnesses called before them to be sworn.

(3) The plaintiff was not given opportunity to bring witnesses before them for examination, either under oath, or otherwise, or at all.

(4) Further, that they are unconstitutional and void in that said act is a special law and attempts to provide a method and procedure which is special to cities of the first and second class and villages, and in contravention of the provisions of that portion of sec. 19, art. 3 of the constitution of the state of Idaho, which reads: "The legislature shall not pass . . . . special laws in any of the following enumerated cases, that is to say: . . . . authorizing the laying out, opening, altering, maintaining, working on, or vacating roads, highways, streets, alleys, town plats, parks, cemeteries, or any public grounds not owned by the state," and for such reason is unconstitutional.

The plaintiff further alleges that the tracts or parcels of real estate sought to be taken by the defendant Boise City are of great value to the plaintiff and of a value very much in excess of the amount proposed to be given; that the said real estate is the plaintiff's private property, and that the same is not subject to be taken for public uses except only in manner and form as provided by law and subject to the conditions imposed by the constitution and general laws of the state governing the taking of property in eminent domain proceedings; that the defendants threatened to and are about to enter upon the said premises of the plaintiff and remove therefrom fences, buildings, sidewalks, curbings, and to dig and cut up and otherwise injure, destroy and damage the property of the plaintiff to plaintiff's great and irreparable injury and damage, and that unless restrained by the court, the defendants will so do; that plaintiff is wholly without remedy unless the court grant a writ of injunction staying the defendants from entering upon said premises of the plaintiff.

Then follows the prayer for a temporary restraining order forbidding the defendants and their officers, agents, servants, representatives and attorneys from entering on the premises and that the court grant a permanent order of injunction in the judgment; that the trial court adjudge the law to be unconstitutional and void, in that it does not provide for due process of law in the taking of property, and for the reasons alleged in the complaint; that the proceedings provided by law are special laws and in contravention of the provisions of art. 3, sec. 19 of the state constitution; that the court find and adjudge that the proceedings were unauthorized by law and null and void, and that the judgment prohibit the defendant city from proceeding further in condemnation proceedings under the aforesaid statute, and that the cloud cast upon the title of the plaintiff be removed and the title to the premises be quieted in plaintiff.

There is a stipulation in the transcript that the transcript contains "full, true and correct copies of the complaint, order to show cause, amended stipulation, demurrer, minutes of the court, notice and judgment, all of which are of the records and files in this cause, were submitted to the judge, and by him used in the hearing of said demurrer and constitute all the records or files used and considered by said judge on such hearing."

The court in the judgment entered referred to this stipulation and in his order said: "It is ordered that the said demurrer to the complaint, the said amended stipulation being deemed a part thereof, be and the same hereby is overruled; and the defendants having given notice in open court that they decline to plead further, the plaintiff moved for judgment against the defendants as prayed in his complaint, whereupon,

"It is further ordered by the court that the plaintiff's motion for judgment on the pleadings be, and the same is hereby granted and the said defendants and each of them, their and each of their officers, agents, servants, representatives and attorneys, or any of them, are hereby forbidden and restrained from entering upon or trespassing upon the tracts or parcels

of land hereinafter described, or any part or parcel thereof, at any time hereafter, or otherwise, or at all by virtue of the alleged eminent domain proceedings set forth and referred to in said complaint and amended stipulation.''

Then follows the final order that ''said proceedings and the whole thereof are unauthorized by law and null and void, and the defendants are hereby forever enjoined and restrained from proceeding further in said condemnation proceedings under the said pretended laws of the state of Idaho, and the said proceedings, and that the cloud cast upon the title of the plaintiff of, in and to the several tracts of land hereinafter described by reason of said proceedings be and the same hereby is removed and the title to said premises quieted in the plaintiff as against the defendants and each and every of them and that the plaintiff have and recover his costs.'' Then follows a description of the several tracts referred to.

From this order an appeal was taken to this court.

Sec. 14, art. 1 of the constitution of Idaho provides: ''Private property may be taken for public use, but not until a just compensation, to be ascertained in a manner prescribed by law, shall be paid therefor.''

Subdivisions 26 and 27, sec. 2238, Rev. Codes, are as follows:

''26. Open, widen or otherwise improve or vacate any street, avenue, alley or lane, in the limits of the city or village; and also create, open and improve any new street, avenue, alley or lane: Provided, That all damages sustained by the citizens of the city or village or of the owners of the property therein shall be ascertained in such manner as shall be provided by ordinance: Provided, further, That whenever any street, avenue, alley or lane shall be vacated, the same shall revert to the owner of the adjacent real estate, one-half on each side thereof.

''27. Create, open, widen or extend any street, avenue, alley or lane, or annul, vacate or discontinue the same whenever deemed expedient for the public good, and to take private property for public use or for the purpose of giving right of

way or other privileges to any railroad company, or for the purpose of erecting or establishing market houses or market places, or for any other necessary public purpose: Provided, however, That in all cases the city or village shall make the person or persons whose property shall be taken or injured thereby adequate compensation therefor, to be determined by the assessment of five disinterested *holders*, who shall be elected and compensated as may be prescribed by ordinance, and who shall in the discharge of their duties, act under oath faithfully and impartially to make the assessment to be submitted.''

The legislature passed an act which amended sec. 5229, Rev. Codes (Sess. Laws 1913, p. 429), which is quoted in this opinion in connection with the constitutionality of subds. 26 and 27 of sec. 2238, Rev. Codes, and as a part of the act it is provided: ''That any city or village, at its option, may exercise the right of eminent domain under the provisions of Part 3 Title 7 of Revised Codes of Idaho for any of the uses and purposes mentioned in Subdivisions Twenty-sixth and Twenty-seventh of Section 2238 of the Revised Codes of the State of Idaho as amended by chapter 81 of the Laws of the Eleventh Session of the Legislature of Idaho, approved March 13, 1911, in like manner and to the same extent as for any of the purposes mentioned in Section 5210 of said Revised Codes of Idaho.'' This shows the intent of the legislature of 1913 to hold that subds. 26 and 27 of sec. 2238 declared the right of eminent domain under the provisions of Part 3, Title 7 of the Rev. Codes of Idaho for any of the uses and purposes mentioned in subds. 26 and 27 of sec. 2238, Rev. Codes of Idaho. This evidently was repealed and held void by the legislature as to applying to cities and villages.

Appellant also cites the following cases: *Union Pac. Ry. Co. v. Burlington & M. R. R. Co.*, 19 Neb. 386, 27 N. W. 238; *Canady v. Coeur d'Alene Lumber Co. et al.*, 21 Ida. 77, 120 Pac. 813; *Trueman v. Village of St. Maries*, 21 Ida. 632, 123 Pac. 508; *Cook v. Borough of Allendale*, 79 N. J. L. 285, 75 Atl. 769; Lewis on Eminent Domain, vol. 2, sec. 564, p. 998; *Johnson v. Joliet & Chicago Ry. Co.*, 23 Ill. 202; *New Orleans,*

*Jackson & G. N. R. Co. v. Hemphill,* 35 Miss. 17; *Stewart v. Board of Police of Hinds County,* 25 Miss. 479; *Lancy v. City of Boston,* 185 Mass. 219, 70 N. E. 88; *Secombe v. Milwaukee & St. P. R. Co.,* 90 U. S. 108, 23 L. ed. 67; *Wulzen v. Board of Suprs.,* 101 Cal. 15, 40 Am. St. 17, 35 Pac. 353.

As to the provisions of sec. 14, art. 1 of the constitution of this state, there is no contention upon the appellant's claim that such section applies as it reads to this case and all other cases where private property is sought to be taken for public use without the payment of just compensation to be ascertained in the manner prescribed by law. In this connection counsel for appellant calls attention to sec. 5229, Rev. Codes, as amended by Sess. Laws 1913, p. 429. This section reads as follows:

"Nothing in this code must be construed to abrogate or repeal any statute provided for the taking of property in any city or village for street purposes: Provided, That any city or village, at its option, may exercise the right of eminent domain under the provisions of Part 3, Title 7 of Revised Codes of Idaho, for any of the uses and purposes mentioned in subdivisions Twenty-sixth and Twenty-seventh of Section 2238 of the Revised Codes of the State of Idaho, as amended by Chapter 81 of the Laws of the Eleventh Session of the Legislature of Idaho, approved March 13th, 1911, in like manner and to the same extent as for any of the purposes mentioned in Section 5210 of said Revised Codes of Idaho."

We think these provisions have no effect in this controversy, but that the same apply only so far as Part 3, Title 7 of the code, and that that is the only statute that is applicable so far as eminent domain should be applied in this case, and that proceedings should be according to the provisions of Title 7, Part 3 of the code; and that chap. 81, Laws of the 11th Session, referred to above, approved March 3, 1911, in like manner and to the same extent applies as far as any of the purposes mentioned in secs. 5210, 5226 and 5220, and all of the sections under Title 7, by which the right of eminent domain is exercised in behalf of public uses, and these are the sections that should be pursued by the appellant in this case

in order to exercise the right to take the respondent's property.

We have examined the first case cited (*Union Pac. Ry. Co. v. Burlington & M. R. R. Co.*, 19 Neb. 386, 27 N. W. 238). In that opinion the court says:

"The authority on the part of the city to condemn and appropriate private property for the purpose contemplated by said ordinance is found in subdivision 18 of section 69 of chapter 14 of the Compiled Statutes, which is in the following language. I quote only the proviso: 'Provided, That in all cases the city or village shall make the person or persons whose property shall be taken or injured thereby, adequate compensation therefor, to be determined by the assessment of five disinterested householders, who shall be elected and compensated as may be prescribed by ordinance, and who shall in the discharge of their duties act under oath faithfully and impartially to make the assessment to them submitted.''

The court held in that case that the five householders who made the assessment of the compensation to the owners of the property taken by virtue of said ordinance were not elected in a manner prescribed by ordinance, and hence the proceedings of the city were ineffectual to appropriate the said property. The court says: "It is obvious from the language of the proviso above quoted that it was the intention of the lawmakers to provide that before the election of five disinterested householders to assess the adequate compensation to the owners of property taken, or injured, for the purpose contemplated by the said section an ordinance should be passed by the city council, approved by the mayor, and published in accordance with the provision of the charter on that subject, providing a form, method and manner for the election of such five disinterested householders, and for ascertaining and fixing their compensation for their services in making such assessment.''

The court held in the above case that the proceedings on the part of the city of Kearney did not follow the statute strictly, and hence that the plaintiff as a property holder of said city acquired no right, either legal or equitable to re-

strain by injunction the erection of the grain elevator mentioned in the petition, and that it was not sufficient that such householders be appointed in gross by ordinance, without such method being prescribed.

The case of *Trueman v. Village of St. Maries,* 21 Ida. 632, 123 Pac. 508, clearly applies in the present case, and deals with the provisions of subds. 26 and 27 of sec. 2238, Rev. Codes, which are acts of the legislature granting additional power to cities and villages. Neither of these sections requires any notice and leaves all matters to an ordinance, and the ordinance is required to comply with the provisions of the constitution and the statutes of this state in exercising the right of eminent domain.

Our attention is called to the case of *Canady v. Coeur d'Alene Lumber Co.,* 21 Ida. 77, 120 Pac. 813. In that case this court decides that under subd. 27, par. 15 of sec. 2238, Rev. Codes, a municipality has the authority to create, open, widen or extend any street, avenue, alley or lane or annul, vacate or discontinue such street, alley, etc., whenever it is deemed expedient for the public good, and that such right to vacate is largely in the discretion of the body possessing that power, and that such body may determine as to the public convenience and necessity of such discontinuance, and where there has been no glaring informality or illegality in the proceedings, its judgment should not be disturbed. We think that is the correct rule, and that this opinion in no way supports the position of appellant, but sustains all of the authorities that a municipality must comply with the law.

We shall not quote from the other authorities cited, but we have examined them, and we are satisfied that they in no way sustain the appellant's position in this case.

It is contended in this case that the only oath administered to the appraisers was by the mayor, and that he had no authority to administer oaths in such cases. Appellant has cited no authority or statute or provision of the statute or constitution which shows that the mayor has power or authority to administer oaths such as were administered in this case. We

are satisfied that this contention is sustained by the authorities.

Mr. Lewis, in his work on Eminent Domain (3d ed., sec. 629), says: "All the authorities agree that the failure to take this oath (oath required by the statute) in substantially the form prescribed by law renders all the proceedings invalid. . . . . All must be sworn, and the failure of one or two to take the oath required has the same effect as though it was omitted by all."

In 29 Cyc., p. 1300, it is said: "A court has inherent authority to administer an oath or affirmation. . . . . Except as above stated (referring to courts and judicial officers) officers, as such, have authority to administer oaths and affirmations only when and as authorized by the constitution or by statute."

In the case of *Payne v. San Francisco*, 3 Cal. 122, it was held that the mayor was without authority to administer oaths to commissioners.

In the case of *Latah County v. Hasfurther*, 12 Ida. 797, 88 Pac. 433, the law is thus stated: "Where it is disclosed by the record that all the viewers did not take the statutory oath, the proceeding is illegal and voidable, and should be reversed on appeal to the district court."

We think that the above authorities state the general rule relating to eminent domain proceedings in which a right of appeal may be taken, while in the case at bar it is confessed by the appellants there is no right of appeal; hence there is a distinction between the two cases, in that the proceedings in the former case are voidable by an appeal, in this case void, there being no appeal. We believe that there are no decisions to the contrary. (Lewis on Eminent Domain, 3d ed., secs. 629 and 630.)

The record also shows, and it is attacked by the respondent as a failure to do what is required, that none of the witnesses called by the committee were sworn, and that the committee themselves called all witnesses who appeared before them, and no witnesses were permitted to be called by the respondent. However, the respondent appeared in person

before them at their meeting held on June 24th. None of the witnesses in this case testified under the sanctity of an oath. This relates to the contention of the respondent that the proceedings shown in the record were not due process of law. Mr. Elliott, in his work on Roads and Streets, says: "If facts are submitted to the tribunal it should be done in some legal method, and the opposing party should be allowed an opportunity to hear and meet them." (Elliott on Roads and Streets, 2d ed., sec. 347.)

Lewis on Em. Dom., 3d ed., sec. 566, says: "All the authorities agree that due process of law requires that a person shall have reasonable notice and a reasonable opportunity to be heard before an impartial tribunal before any binding decree can be passed affecting his right to liberty or property."

In the case of *Shivley v. Lankford,* 174 Mo. 535, 74 S. W. 835, it is observed: "That one may be a freeholder, and not a householder, or a householder and not a freeholder, seems to be too plain for argument. 'Householder' refers to the civil status of a person, not his property, and a man may be a householder without owning real estate or any interest therein, whereas a freeholder is one who owns a freehold estate; that is, an estate in lands, tenements or hereditaments of an indeterminate duration, other than an estate at will or by sufferance, as in fee simple, fee tail, or for life, or *durante viduitate,* or during coverture. . . . . One may be an extensive freeholder, and yet not be a householder."

The statute says neither "freeholder" nor "householder," but merely "holder." Who shall determine what word was omitted? The particular clause in the statute fixes no particular qualification which would determine the fitness of an appraiser because he was a holder.

In the case of *Hettinger v. Good Road District No. 1,* 19 Ida. 313, 113 Pac. 721, good road districts were considered and the question of notice of election of road commissioners and the times of publication of notice of bond election. Reference was made to sec. 1054, Rev. Codes, which provides for the issuing of bonds of a good road district, but provides no method or means of giving notice of the election authorizing

such bonds, or the method of conducting the same, and is incomplete, indefinite and incapable of being executed, and is therefore illegal and void.

It is the general rule of law, as said by Mr. Elliott in his work on Roads and Streets, sec. 429, 2d ed., "that the courts are now quite well agreed that statutes are not valid which deny due process of law in any case where private rights are involved. As we have elsewhere shown, the great weight of authority is that before final determination in assessment cases and in proceedings for the appropriation of property under the right of eminent domain there must be notice or some opportunity to be heard." (*Murdock v. Cincinnati,* 39 Fed. 891; *Chauvin v. Waliton,* 8 Mont. 451, 20 Pac. 658; Elliott on Roads and Streets, sec. 149.) Mr. Lewis very clearly discusses this question· in sec. 569 of his work on Eminent Domain, 3d ed.

In the case of *Kramer v. Cleveland etc. R. Co.,* 5 Ohio St. 140, the court observes: "I humbly conceive the constitutional deficiencies of it cannot be supplied by the extrinsic proceedings in the appropriation, and thus give to an unconstitutional enactment the force and validity of law."

In the case of *Bear Lake County v. Budge,* 9 Ida. 703, 108 Am. St. 179, 75 Pac. 614, this court said: "That provision of section 13, art. 1 of our state constitution which declares that no person shall be deprived of life, liberty or property without due process of law, prohibits the legislature from dispensing with personal service of summons in actions to quiet title or to settle private adverse rights to property when personal service is practicable and is usual under the general laws of the state." It is further said in that case: "The provisions for the service of summons in actions brought under the provisions of an act entitled 'An act to regulate the appropriation and diversion of public waters and to establish rights to the use of such waters and the priority of such rights,' approved March 11, 1903, held unconstitutional and void."

In *Eagleson v. Rubin,* 16 Ida. 92, 100 Pac. 765, 23 L. R. A., N. S., 536, the rule is announced that due process of law when

applied to judicial proceedings means a course of legal proceedings according to those rules and principles which have been established by our system of jurisprudence for the protection and enforcement of private rights.

So in the case now being considered, it is clear and settled by the law that a notice as provided by statute should be provided for, that the party may know what has been done. The fact that he may have been present during the proceedings, even the fact that he may have taken part in the proceedings, cannot affect the result. To hold otherwise would be giving to each municipal body in the state the right to prescribe a different notice. It might place a land owner in the position of being subject to as many different forms of notice as there are different cities and villages in the state of Idaho.

If the city of Boise is desirous of taking property, as was done in this case, they have a right to do so, and the general eminent domain proceedings are provided by Title 7, Part 3 of the Code of Civil Procedure.

Sec. 2238, subds. 26 and 27, provides no method for condemning real property to public use under art. 1, sec. 14 of the constitution of this state, and has no force in the proceedings in this case, because there is no provision in either subdivision, or any other provision, that provides for the condemnation proceedings attempted to be enforced as shown by the record in this case.

We hold in this case that the trial court was not in error in overruling the demurrer and making the order from which this appeal was taken. The judgment is *affirmed,* with costs in favor of respondent.

Ailshie, C. J., and Sullivan, J., concur in the conclusion.